WATSON *vs.* BRIGHTWELL.

1. The employment of an agent by the principal to sell land, need not be in writing, but the agent may recover for services rendered in effecting the sale by virtue of a verbal contract.

2. The *allegata* and *probata* should agree in order that the record of the court may always show by the pleadings upon what its judg-ment was rendered ; but where the variance is only in respect to a change in the mode of carrying out the original contract and put-ting it more effectually and easily into execution by consent of both parties, and where the evidence was not objected to on the ground that the pleadings did not authorize it, this court will not interpose to grant a new trial.

3. The evidence being conflicting, but enough being in to support the verdict, and the presiding judge having approved it, we decline to interfere on the usual ground in all motions for new trial, that the verdict is against the evidence and the law.

Principal and agent. Contracts. Pleadings. New trial. Before Judge BARTLETT. Jasper Superior Court. April Adjourned Term, 1877.

Reported in the opinion.

KEY & PRESTON; JACKSON & LUMPKIN, for plaintiff in error.

A. REESE; F. JORDAN, for defendant.

JACKSON, Judge.

Brightwell sued Watson on a contract for services in sell-ing the land of the latter, and recovered seven hundred dol-lars—it being five per cent. on the price for which the land was sold. Watson made a motion for a new trial, it was overruled and he excepted.

1. One ground of error, alleged in several grounds of the motion for a new trial, is to the effect, that as Watson hired the plaintiff to sell his land, the contract of hire should be in writing, and the court charged that it need not be. If an agent be constituted to convey land—to make a deed thereto—there must be a power in writing so to convey by deed ; but if one employ another to sell land—to procure a purchaser therefor, he himself expecting to make the deed thereto, such a rule is inapplicable, and such a contract need not be in writing.

2. Another error alleged is, that the court charged that if Watson aided and assisted Brightwell in the sale of the land, or rather, if Brightwell aided and assisted Watson, Brightwell could recover, and refused to charge that proof of a sale by Watson to Boyd, the purchaser, and not by the plaintiff, Brightwell, to Boyd, by competent evidence would not entitle plaintiff to recover.

The judge certifies that he charged upon these subjects that they must find from the evidence whether plaintiff and defendant made a contract relative to the sale of the land, and if so, what was the contract? If the jury should find that no contract was entered into for the sale of the land, or that the contract at one time entered into at a specified price was rescinded, and no other contract made between the parties, then the jury should find for defendant; but if the jury should find from the evidence that plaintiff was employed by defendant to aid him in disposing of his land by his influence in procuring a purchaser to buy the land, and that plaintiff did so, then plaintiff could recover the amount agreed upon.

The declaration alleged that the defendant agreed with the plaintiff that if he would find a purchaser for the land and sell it for him, he would pay him for his services five per cent. upon such sum as plaintiff might obtain for the land.

The proof of plaintiff was to the effect, that at first the contract limited him to $20.00 per acre, but afterwards he found that he could not get that sum, and proposed that defendant sell it himself, and let him, plaintiff, off, which defendant declined to do, but still retained his services, and that he having procured the purchaser, it was, at his suggestion, thought best that defendant should take the prominent part in the subsequent proceedings, which was done, and the trade was consummated at $14,000.00, which could not have been done but for the plaintiff's services in assisting defendant.

The *allegata* and *probata* do not agree with that exactness which, in our judgment, should characterize strict pleading, and which it is the better plan in all cases to adopt; yet, inasmuch as the variance is only in the execution of the con-

tract as made and alleged, and was only in substance what the parties agreed was the better plan to carry it into effect, we shall hold that the pleading and the evidence substantially agree, especially as the defendant made no objection to the introduction of the proof. See 39 *Ga.*, 708; 48 *Ib.*, 652; 49 *Ib.*, 268; 52 *Ib.*, 15; 53 *Ib.*, 318.

3. There is enough evidence to sustain the verdict, and as the presiding judge was satisfied to let it stand, we decline to interfere with it on the ground that it was contrary to evidence.

Nor do we see that the verdict is contrary to law. The only doubt about it arises upon the point when the money was due to Brightwell from the sale, whether at the consummation of the contract, or when the money was collected? but as eight thousand dollars was collected before suit was brought, and the remainder is secured by a mortgage upon the premises sold, which, so far as we can see, might have been realized long ago at the option of defendant, and as the jury allowed no interest to plaintiff up to verdict, although several years had elapsed, but found the naked seven hundred dollars, it is substantial justice to let the verdict stand, especially as no direct point is made in the motion for the new trial, or in the assignment of errors in the bill of exceptions, upon the idea that the debt was not due, but it is only matter which may be considered on the general ground that the verdict is contrary to law.

In respect to the alleged mistake of the jury regarding the defendant's evidence, we think that it involves matters which cannot be investigated without going into the jury room; and besides, this ground of the motion is stricken from the bill of exceptions by the court.

Upon the whole, the judgment is affirmed.