## LYNCH v. POOLE et al.

Where an agent without authority to execute a sealed instrument signs a contract of lease under seal for his principal, the latter is not bound. Until the principal becomes bound the contract signed by the agent for him lacks the element of mutuality between the principal and the lessee, and the latter may withdraw from it, and the lessee's holding is to be considered as a tenancy at will. In an action brought after the expiration of the term stipulated in the contract, for a sum alleged to be due on the contract, for a period during which it is not alleged that the lessee was in possession of the premises, the principal of the agent is not entitled to recover.

JUNE 13, 1912.

Complaint. Before Judge Pendleton. Fulton superior court. June 9, 1911.

*R. B. Blackburn,* for plaintiff.

*Slaton & Phillips,* for defendants.

EVANS, P. J. The action was to recover an amount of money alleged to be due for the rent of premises by virtue of a contract of lease between the plaintiff's agent and the defendants. The contract of lease stated that it was entered into between John J. Woodside, agent for J. T. Lynch, party of the first part, and T. O. Poole and Atlanta Brewing and Ice Company as surety, parties of the second part, and recited that the parties of the second part have this day rented from John J. Woodside, agent, certain premises for the term of three years, ending November 30, 1908, for which they agree to pay John J. Woodside, agent, $75 per month in advance. The contract contained several covenants between the parties. It recited that it was executed under the seals of the parties, and was signed as follows: "T. O. Poole (Seal). Atlanta Brewing and Ice Company (Seal). Ira E. Steiner, Set'c and Treasurer (Seal). John J. Woodside, Agt. (Seal)." The petition alleged, that the defendants entered into possession of the premises under this contract of lease, and paid the petitioner the rent stipulated to be paid in manner and form as prescribed, up to February 1, 1908, since which time they have not paid anything; that petitioner did not receive possession of said premises from the defendants until November 30, 1908, at which time the lease contract declared upon was terminated; and on that date the defendants were indebted to petitioner in the sum of seven hundred and fifty dollars, under the terms of the contract herein referred to, as rent

for the use of said premises from the first day of February, 1908, to the thirtieth day of November, 1908; that Woodside was the agent of petitioner, and, though the agent's authority was not disclosed in the contract under seal executed by him, petitioner ratified the contract and received rents accruing thereunder from its date to February 1, 1908, and the defendants "are estopped in law from seeking any protection growing from the absence of such authority." The petition was dismissed on general demurrer.

The contract between the parties being a sealed instrument executed by the petitioner's agent without authority under seal, it was contended by the defendants in their demurrer that it was not binding on the petitioner, and, being unilateral, it was not binding on the defendants, and therefore its only effect would be to create a tenancy at will between the parties. The rule is elementary that a power of attorney to execute a sealed instrument must be of the same solemnity, and possess the same general requisites of the instrument to be executed. In most jurisdictions contracts not required by law to be executed under the seal of the parties in order to be valid and binding, if executed under seal, are never-theless to be treated as simple contracts, and the seal is considered as surplusage. But such a rule does not obtain in this State; and if an instrument executed by an agent be under seal, the agent's authority to make it must likewise be under seal, although it may evidence a contract not required to be under seal to give it validity. *Pollard* v. *Gibbs*, 55 *Ga.* 45. As it is admitted that the agent was without authority under seal to execute the lease contract, it was not binding on his principal. Being unilateral, it is not binding on the defendants, and they would not be liable for its breach. Until the principal becomes bound the contract signed by the agent for him lacks the element of mutuality between the principal and the lessee, and the latter may withdraw from it, and the lessee's holding would be considered as a tenancy at will, and he would not be subject to suit on the contract brought after the expiration of the term. *Potts-Thompson Liquor Co.* v. *Potts*, 135 *Ga.* 457 (69 S. E. 734). To escape this consequence the petitioner alleges that he ratified the contract by receiving the rents accruing under the contract. The general rule is that a contract may be ratified by words or conduct, but it does not apply to a contract under seal. Such contracts can not be ratified except by a writing under

seal. *McCalla* v. *American Freehold etc. Co.,* 90 *Ga.* 113 (15 S. E. 687). The petitioner also invokes the doctrine of estoppel in aid of his contract. The doctrine of estoppel in pais is predicated upon a change of position to the hurt of one of the parties acting on the representations or conduct of the other. If the petition had alleged that the defendants retained possession of, and occupied, the premises for the time for which rent is claimed, the defendants, having received the full benefit of the contract for the contract time, would be, estopped from denying the authority of the agent to make the contract. *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (45 S. E. 730). But the petition contains no such allegation. The action is based on the contract alone; it is sought to make the defendants liable on their supposed contractual obligation. As the contract is not binding on them, they are not liable thereon.         *Judgment affirmed. All the Justices concur.*