### 12523.    MORRIS *v.* BATTEY.

Estoppel of the landlord to set up invalidity of the lease, which was signed by his agents under seal when no authority under seal had been given to them, resulted from his acceptance of the rent for the term of the lease.

The judge of the superior court did not err in overruling the certiorari.

DECIDED JANUARY 18, 1922.

Certiorari; from Fulton superior court — Judge George L. Bell. March 23, 1921.

E. S. Morris, the owner of an apartment house, sued out a warrant to dispossess H. I. Battey, alleged to be a tenant holding over. Battey filed a counter-affidavit. Upon the trial it was shown that the owner gave parol authority to a firm of real-estate agents to rent apartments in the house, and that the agents rented one of the apartments to Battey, entering into a contract under seal with

him, signed: "Smith, Ewing & Rankin, as agents for E. S. Morris, by M. M. Ewing (Seal). H. I. Battey (Seal)." The contract provided that the tenant should occupy the premises "for a term of twelve months to commence on the 1st day of September, A. D. 1919, and to terminate on the 31st day of August, 1919 [1920?]." Among the provisions of the contract was one that "this lease is for the term hereinbefore stated, and is to be considered renewed for term to term thereafter unless a written notice to the contrary is given by either party to the other at least sixty days prior to the expiration of the term of [or ?] any existing renewal thereof." The evidence for the plaintiff showed that the agents had authority to rent the apartments from September to September only, but had no written authority whatever, and that the owner never saw the contract between his agents and the tenant.

The tenant moved into the apartment about September 1, 1919, and paid the rent monthly in advance, as provided by the contract, up to and including August 31, 1920. He was never given the sixty-days notice "prior to the expiration of the term," as provided for by the contract. On August 31, 1920, he was given the following notice: "The term for which you rented the premises known as apartment No. 4 at No. 7 Durant Place expired August 31st, 1920. We find that you are still in possession of the premises and holding over and beyond the term for which they were rented to you. In behalf of the owner, Mr. E. S. Morris, we demand immediate possession of these premises." On September 22 the tenant was given the following notice: "The term for which you rented apartment No. 4 at 7 Durant Place expired August 31st, 1920. We find that you are still in possession of the premises, holding over and beyond the time for which you had it rented to you; and in behalf of the owner, Mr. E. S. Morris, we demand immediate possession of these premises, and upon failure to obtain same by noon of to-morrow, September 24th, we will issue a dispossessory warrant." On October 23 the attorneys of the landlord gave to the tenant a notice as follows: "You are hereby notified to vacate the premises known as apartment No. 4 at No. 7 Durant Place, Atlanta, Georgia, and to deliver me possession of said apartment by January 1st, 1921." On September 1, 1920, the tenant notified the agents that he proposed to remain

in possession of the premises under the contract, and tendered the amount of the rent for September in advance. On October 1 the tenant tendered to the agents the rent for September and October. The money thus tendered was each time declined. On November 1 the tenant tendered the amount of rent due for September, October, and November. This money was accepted and a receipt given therefor as follows: " Received of H. I. Battey, one eighty-seven dollars 50 cents for rent of 7 Durant St. for term ending Dec. 1-20, 191 [1920?]." On December 1, 1920, the defendant again paid rent, and was given a receipt therefor as follows: " Received of H. I. Battey sixty-two dollars 60 [50?] cents for rent of 7 Durant Place St. for term ending January 1st, 1921." The judge of the municipal court of Atlanta who tried the case directed a verdict for the defendant. The plaintiff obtained a writ of certiorari, which the judge of the superior court overruled, and the plaintiff excepted.

*Mitchell & Mitchell,* for plaintiff.

*E. F. Childress, Mark Bolding,* for defendant.

BROYLES, C. J. While the written contract between the parties was void, as it was under seal and the authority of the agents who signed the contract for their principal was not under seal (*United Leather Co.* v. *Proudfit,* 151 *Ga.* 403, 107 S. E. 327), and while the contract was not ratified by the principal, as there was no written ratification under seal (*Lynch* v. *Poole,* 138 *Ga.* 303, 75 S. E. 158), yet, under the facts of the case, the principal was estopped from denying the authority of the agent to make the contract. *Lynch* v. *Poole,* supra. It follows that the contract must be treated as a valid one, and that under it the tenant had a right to renew the contract of rental for another year, and that the court properly overruled the certiorari. The landlord received the rent for the property for the entire year in montly payments in advance; and he having received the full benefits of the contract for the contract time, and the tenant having paid the rent for the full contract time in monthly installments on the first of each month, in the belief that by so doing he would have the right of a renewal of the rent contract for another year unless the notice as stipulated in the contract were given him, the repudiation by the owner of the agent's authority to make the contract would be to the hurt of the tenant, who, when he entered into the contract,

had a right to believe that the agents had authority to execute it. No doubt, one of the considerations that caused the tenant to sign the lease contract was the fact that under it he had a right to renew the lease for another year, unless given notice by the landlord sixty days before the expiration of the one-year lease.

*Judgment affirmed.* *Luke, J., concurs.* *Bloodworth, J., dissents.*

BLOODWORTH, J. (After stating the facts, supra.) The writer thinks the certiorari should have been sustained. In *Lynch* v. *Poole,* supra, the Supreme Court held: " Where an agent without authority to execute a sealed instrument signs a contract of lease under seal for his principal, the latter is not bound. Until the principal becomes bound the contract signed by the agent for him lacks the element of mutuality between the principal and the lessee, and the latter may withdraw from it, and the lessee's holding is to be considered as a tenancy at will." In *Byrne* v. *Bearden,* 27 *Ga. App.* 149 (107 S. E. 782), this court held: " For a landlord to terminate a tenancy at will under the provisions of the Civil Code (1910), § 3709, the notice to quit must be served at least two months before the definite time fixed by the notice for the tenant to quit the premises." Under the decision in the *Lynch* case, supra, and a similar holding in the case of *United Leather Co.* v. *Proudfit,* 151 *Ga.* 403 (1) (107 S. E. 327), and the special facts of this case, the relation of the defendant to the plaintiff was that of a tenant at will. Let us not lose sight of the fact that the agents had no written authority to rent the premises, that the verbal authority given them was to rent the apartment from September to September only, and that the landlord never saw the written contract between his agents and the tenant. Let it be remembered also that in this case the warrant to dispossess was bottomed upon the refusal of the tenant to vacate after he had been given the two-months notice to quit, required by § 3709 of the Civil Code (1910), and not upon the failure to pay rent when due. When the warrant to dispossess is based upon the failure to pay rent due, there is no statute that requires any notice from the landlord other than the demand for the possession of the property, prescribed by § 5385 of the Civil Code (1910). But a different proposition is presented when a landlord desires possession of premises from a tenant at will who is not in arrears in the payment

of rent. In *Lanier* v. *Kelly,* 6 *Ga. App.* 741 (4) (65 S. E. 694), Judge Russell said: "Where the tenant is in arrears for rent, it is only necessary for the landlord to make affidavit of that fact and of a demand and a refusal to deliver; whereupon the warrant issues. *Huff* v. *Markham,* 70 *Ga.* 284. It is true that under section 4821, the officer must exhibit the warrant to the tenant and give him three days notice to remove, before forcibly ejecting him; but there is no provision that the tenant can fail to pay his rent and insist upon sixty days notice before he can be ejected by dispossessory warrant. A tenant at will who pays his rent promptly in accordance with his contract cannot be ejected by dispossessory warrant until the expiration of sixty days after notice to quit." The fact that the landlord has given the tenant at will notice to quit will not deprive the landlord of the privilege of accepting rent up to the time the notice requires the tenant to vacate, nor will the acceptance of the rent up to that time prevent the landlord from prosecuting his warrant to dispossess after the expiration of the two months period fixed by the statute. In *Hicks* v. *Beacham,* 131 *Ga.* 92 (62 S. E. 46), the Supreme Court said: "If a landlord bases his right to a summary recovery on non-payment of rent, as a statutory ground, the rent must remain unpaid when the proceeding is begun. An acceptance of rent after it is due will operate as a waiver of the right of summary dispossession for non-payment. The landlord can not accept the payment after the day when it is due and still proceed to dispossess his tenant under the statute on the ground that it was not paid on such day." Doubtless it was the principle announced in the opinion just quoted which the judge of the municipal court and of the superior court had in mind when passing upon this case. In the case under consideration, as the warrant to dispossess was based upon the refusal of the tenant to vacate after the two-months notice required by the statute was given, in the opinion of the writer the judge of the municipal court erred in directing a verdict for the defendant, and the judge of the superior court erred in overruling the certiorari.