TERRY *v.* KEAN *et al.*

No. 10595. MAY 18, 1935.

*H. T. Golightly,* for plaintiff.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* and *W. H. Mewbourne,* for defendants.

BECK, Presiding Justice. This was an equitable suit brought by Inez Terry against Nellie D. Kean and N. C. White, for specific performance of an alleged contract of sale by Miss Kean to the plaintiff of certain described real estate in Fulton County, Georgia, and for cancellation of a deed executed thereafter by Miss Kean to N. C. White, conveying the same property. Petitioner alleges that in December, 1932, her husband entered into a contract with Miss Kean for rental of this real estate for the year 1933, at the rental price of one hundred and twenty-five dollars for that year; that under the terms of this contract he went into possession of the premises and cultivated and harvested a crop thereon during the year 1933; that early in October, 1933, while the plaintiff and her husband were residing on the premises, the plaintiff entered into a contract made verbally with one Green, who she alleges was an agent of the defendant Miss Kean, duly authorized to sell her real estate, whereby the plaintiff agreed to purchase the property in question, the purchase to be consummated when, in accordance with the agreement made, she should obtain a loan from the Federal Land Bank of Columbia, "so the purchase-price could be paid as soon as the loan was obtained by her;" that under this contract to purchase

she went into possession of the premises, made an application for the loan, and had a representative of the Federal Land Bank come down and appraise the property; that on December 30, 1933, the plaintiff was notified that the loan applied for was approved for twelve hundred dollars, which was the amount she had contracted to pay for the property; that on the same date the plaintiff and her husband were served with a dispossessory warrant issued upon an affidavit sworn to by an alleged agent of Miss Kean, stating that the tenant, Love Terry, the husband of petitioner, had failed to pay the rent due, and that possession had been demanded and had been refused by plaintiff and her husband; that her husband, as tenant for the year 1933, had made two payments of rent, $53.60 on November 21, 1933, and $14.00 on December 12, 1933, and it was agreed that the balance of the rent should be paid when the purchase-price was paid by petitioner; that Green, Miss Kean's agent, had stated that it would be all right if she obtained the loan and closed the purchase by the following February; and that on December 27, 1933, Miss Kean sold the property in question to N. C. White and executed deed thereto, which was recorded on December 28, 1933. Petitioner alleges that upon going into possession of the premises in October, 1933, under her contract to purchase the same, she made valuable improvements thereon, such as building a wire fence, ditching and terracing, patching a barn, and setting out fruit trees and shrubbery. The prayers of the petition are for the cancellation of the deed from Miss Kean to White, and for specific performance of the contract made by petitioner for the · purchase of the property.

Upon the hearing the court sustained a general demurrer to this petition, and the plaintiff excepted.

The court did not err in sustaining the demurrer. As controlling in the case the court cites the case of *Byrd* v. *Piha,* 165 *Ga.* 397 (supra). Other decisions might have been relied upon as requiring the dismissal of the petition. In the case referred to it was said: "Where the law prescribes that the act can be executed by the principal only by writing, then the act creating the agency must be executed with the same formality; that is, the agency must be created in writing." And the Code itself (§ 4-105) prescribes, "The act creating the agency shall be executed with the same formality (and need have no more) as the law prescribes for

the execution of the act for which the agency shall be created." And in *Byrd* v. *Piha,* supra, in construing this section this court said: "We are of the opinion that the proper construction of this section is that agencies for the execution of agreements which are required to be made by principals in writing, must be created by written authority. Otherwise, the purpose of the statute of frauds, which is to prevent frauds and perjuries, would be virtually done away with. So we are of the opinion that under this section the authority of an agent to execute a contract or memorandum for the sale of real estate, or for the lease thereof for a period longer than one year, must be evidenced by writing. Under this section it is just as important that the authority of an agent shall be in writing as that the contract which he makes shall be in writing." And it is also true that if one assumes to represent another when he has no authority, or, having limited authority, exceeds its limits, when the person in whose behalf the act alleged to have been done repudiates the act, he is not bound.

The plaintiff contends that she entered into possession of the property under the terms of the contract with the alleged agent of the defendant; but it also appears from the petition that the agent had rented the premises for the year to Love Terry, the husband of the plaintiff, and that she went in there with her husband, and apparently was in there under the rights which he had as a tenant to hold the place. The possession of the premises, under the allegations of the petition, was the possession of the husband; and even if plaintiff made valuable improvements upon the place, this was not notice that the plaintiff was making improvements, but the making of such improvements would be ascribed to the husband, who was the rightful occupant of the premises. In view of what was ruled in *Byrd* v. *Piha,* supra, the court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*