22010. KING et al. v. CHATHAM.

SUBMITTED APRIL 8, 1963—DECIDED MAY 9, 1963.

*James A. Bagwell,* for plaintiffs in error.

*Arnold & Harris, Robert B. Harris, Nancy Pat Phillips,* contra.

HEAD, Presiding Justice. This was an action by R. Pierce Chatham, a real estate broker, against W. T. King, L. H. King, and Tri Oil, Inc., in which he sought specific performance of an alleged oral agreement between the plaintiff and the Kings, and reformation of a lease agreement made by the Kings with Tri Oil, Inc. The defendants King by answer admitted that they had leased described premises to Tri Oil, Inc., but denied that they had any oral agreement with the plaintiff in regard to leasing these premises. Tri Oil, Inc., filed an answer alleging that it would comply with any order of the court reforming the lease agreement, provided its rights were not adversely affected.

A pretrial order was entered in which the plaintiff and the defendants King stipulated: "The issue in the case is whether the agreement alleged by plaintiff to have been orally made between him and defendants, Messrs. W. T. King and L. H. King, was in fact made. If the agreement, as contended by plaintiff, was in fact made between him and defendants, Messrs. W. T. King and L. H. King, plaintiff would be entitled to the relief prayed for. If no such agreement were in fact made, then the defendants, W. T. King and L. H. King, would be entitled to prevail, and plaintiff would be entitled to no relief of any kind."

The case was presented to the jury on two questions, as follows: "Did the plaintiff R. Pierce Chatham enter into a contract with W. T. King and L. H. King whereby the defendants agreed that if plaintiff would procure a lessee for the property described in the petition for a term of at least five years at a reasonable and adequate monthly rental then they would in

return for said services pay plaintiff as commission the first month's rental plus 5% of each month's rent thereafter including 5% of each month's rental during the term of any renewal of said lease by the lessee procured? Was the plaintiff R. Pierce Chatham the procuring cause of the lease which was ultimately entered into by defendants W. T. & L. H. King with Tri Oil Inc.?" The jury returned a verdict answering both questions in the affirmative, and the trial judge entered a decree finding a sum of money due the plaintiff for accrued commissions, and decreeing the reformation of the lease contract made by W. T. King and L. H. King with Tri Oil, Inc., so as to include the contract alleged by the plaintiff.

The bill of exceptions of the defendants King assigns error on the decree of the court as being erroneous, illegal, and contrary to law; and on the denial of their motion for new trial, which was on the general grounds only. No question is made by demurrer as to the right of the plaintiff to have reformation of the lease contract between the defendants King and Tri Oil, Inc., and the only question before this court for decision is whether the evidence was sufficient to show that the contract alleged by the plaintiff was in fact made.

The testimony of the plaintiff was sufficient to sustain the finding of the jury, and it was not error for the trial judge to deny the motion for new trial on the general grounds. *Watson v. Brightwell,* 60 Ga. 212; *Mousseau v. Dorsett,* 80 Ga. 566 (5 SE 780).

*Judgment affirmed. All the Justices concur.*