28211. JONES et al. v. SHEPPARD.

SUBMITTED SEPTEMBER 11, 1973 — DECIDED OCTOBER 5, 1973.

*Anderson & Sanders, Cohen Anderson, Lanier & Lanier, Robert S. Lanier,* for appellants.

*Allen, Edenfield, Brown & Franklin, B. Avant Edenfield, W. J. Neville,* for appellee.

NICHOLS, Justice. The first issue to be determined is whether a contract to sell land, as distinguished from authority to execute a deed to land, is binding upon a principal where there is no written authority given the agent and the contract to sell is oral.

The trial court in overruling the motions for judgment n. o. v. and for a new trial in the alternative distinguished authority to sell from authority to execute a deed, citing *Watson v. Brightwell,* 60 Ga. 212, and held that authority to sell real property did not have to be in writing and that where an agent had oral authority to sell property and did agree with a purchaser orally to sell the land and where the purchaser went into possession and made improvements, the owner could be required under a decree for specific performance to execute a deed to the purchaser.

The decision in *Watson v. Brightwell,* supra, dealt with the recovery by the agent for services rendered and did not relate to specific performance of such a contract. The majority opinion in *Brandon v. Pritchett,* 126 Ga. 286 (55 SE 241, 7 AC 1093), relied upon by the appellee to support his contention that written authority is not necessary to enter into a contract required by the statute of frauds to be in writing is not authority for his position, for such ruling was expressly disapproved by this court in the full bench opinion in *Byrd v. Piha,* 165 Ga. 397, 402 (141 SE 48), where it was held in dealing with now Code § 4-105 "We are of the opinion that the proper construction of this section is that agencies for the execution of agreements which are required to be made by principals to be in writing, must be created by written authority. Otherwise, the purpose of the statute of frauds, which is to prevent frauds and perjuries, would be virtually done away with. So we are of the opinion that under this section the authority of an agent to execute a contract or memorandum for the sale of real estate or for the lease thereof for a period longer than one year, must be evidenced by writing. Under this section it is just as important that the authority of an agent shall be in writing as that the contract which he makes shall be in writing."

In *Terry v. Kean,* 180 Ga. 627 (180 SE 135), it was held that where the purported purchaser went into possession under a lease held by her husband, improvements made by her could not be notice to the owner that she was making improvements under an oral contract made with the owner's purported agent.

The plaintiff in the case sub judice was in possession of a part of the land under a rental agreement and this possession and any improvements made under such possession would not be notice to the owners that they were made under possession under any contract of sale. This, together with the fact that there was no evidence of ratification by the defendants, Bradford and Ryals, demanded a finding for the defendants, and the judgment of the trial court overruling the defendants' motion for a judgment non obstante veredicto must be reversed.

2. In view of the decision in the first division of the opinion, the enumerations of error relating to the charge to the jury and the usual general grounds of the motion for new trial are moot.

*Judgment reversed with direction that a judgment non obstante veredicto be entered for the defendants. All the Justices concur.*