## 55776. OPPORTUNITIES INDUSTRIALIZATION CENTER OF ATLANTA, INC. v. WHITEWAY NEON AD, INC.

BELL, Chief Judge.

The plaintiff brought this suit to recover money alleged to be due for rent of premises pursuant to an alleged contract of lease. The case was tried by the court who made findings of fact, conclusions of law and entered a judgment for plaintiff.

At trial the evidence was in dispute concerning the authority or lack thereof of defendant's executive director as its agent to execute the lease and whether defendant ratified the lease by words and conduct. The lease was for a term of two years beginning August 1, 1976 and ending on July 31, 1978. The lease was executed under seal. Defendant paid two months of agreed rental and the utilities and then notified plaintiff by letter that it was terminating the lease effective November 1, 1976. The premises were vacated at that time. The trial court found as fact that defendant's executive director was acting within his "apparent authority" when he executed the lease on behalf of defendant; and that the defendant had ratified the lease by payment of the rental and utilities and by stating in effect that a lease was in effect when it gave notice of termination. A judgment was entered for 13 months accrued rent to the date of trial, plus an amount for utility bills incurred during this period and attorney fees. *Held:*

A contract for the lease of land for a period longer than a year must be in writing. Code § 61-102; *Byrd v. Piha,* 165 Ga. 397 (141 SE 48). When a written lease for more than a year is executed by an agent the authority of the agent to execute it must likewise be in writing. Code § 4-105; *Byrd v. Piha,* 165 Ga. 397, supra; *Jones v. Sheppard,* 231 Ga. 223 (200 SE2d 877). The contract here was executed under seal. An agent's written authority to execute the contract on his principal's behalf must likewise be under seal. *Lynch v. Poole,* 138 Ga. 303 (75 SE 158). The general rule that a contract may be ratified by words or conduct does not apply to a contract under seal; a sealed contract may be ratified only by a writing under

seal. *Lynch v. Poole,* 138 Ga. 303, supra. In this case there is no evidence of any written authority granted to the executive director under seal to execute the lease. The letter written by defendant terminating the lease was not executed under seal and the payment of rent standing alone would not amount to a ratification by conduct of this sealed instrument. Therefore, the plaintiff was not bound by the written lease and occupied the premises only as a tenant at will. Code § 61-102. The judgment for plaintiff based on the written lease was not authorized.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED MAY 15, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 28, 1978 — ▮

*Parks, Jackson & Howell, Bernard Parks,* for appellant.

*Hicks, Maloof & Campbell, Robert E. Tritt,* for appellee.