## 34171. WHITEWAY NEON-AD, INC. v. OPPORTUNITIES INDUSTRIALIZATION CENTER OF ATLANTA, INC.

BOWLES, Justice.

Certiorari was granted in this case to review the Court of Appeals' decision in *Opportunities Ind. Center of Atlanta v. Whiteway Neon-Ad,* 146 Ga. App. 871 (247 SE2d 494) (1978), wherein it was held that a corporation is not bound under a sealed instrument unless the officer or agent of the corporation signing such sealed instrument receives sealed authority from the corporation to act on its behalf.

The opinion of the Court of Appeals was based on the holding of this court in *Lynch v. Poole,* 138 Ga. 303, 304 (75 SE 158) (1912), which said, ". . . if an instrument executed by an agent be under seal, the agent's authority to make it must likewise be under seal. . ." The holding in that case states a sound legal principle, but it is not applicable under the facts in this case.

In *Lynch v. Poole,* supra, the so-called "equal dignity" rule was applied to an agent acting on behalf of a natural person. The instant case involves an agent acting on behalf of a corporation. This distinction is significant. Since a corporation is a legal entity created by law it can act only through its officers and agents. The requirement that an agent for a natural person receive sealed authority from his principal is a requirement that can be met. The existing natural person as principal can execute instruments in the same fashion as his agent and can personally execute authorizing instruments of equal dignity to those required of his agent. The same requirement cannot be met by a corporation as it must rely solely on officers or agents for all of its actions and is itself incapable of executing any instrument. Indeed, it cannot write its name. It is not feasible to require that the authority of corporate officers to execute instruments on behalf of the corporation be granted by instruments of equal dignity. Who would execute the first agent's authority? The answer is found in the exception to the "equal dignity" rule recognized by statute and by at least one decision of this court.

Georgia's "equal dignity" rule is found in Code Ann. § 4-105 which reads as follows: "The act creating the agency shall be executed with the same formality (and need have no more) as the law prescribes for the execution of the act for which the agency shall be created. *A corporation may create an agent in its usual mode of transacting business and without a corporate seal.*" (Emphasis supplied).

In codifying the "equal dignity" rule in Code Ann. § 4-105, the legislature apparently recognized that corporations are unique legal entities which must at all times act through their corporate agents. Thus, the legislature excepted the creation of corporate agents from the "equal dignity" rule and, as expressed in the italicized portion of the statute above, permitted corporations to create such agents in their usual mode of transacting business— i. e. shareholder action in the adoption of charters, by-laws, resolutions and similar conduct vesting corporate agents with authority to act.[1]

In *Johnston v. Crawley,* 25 Ga. 316 (1858), this court held a mortgage executed under the personal seal of two corporate agents to be valid although the corporate agents were not authorized under seal to execute the mortgage. The agents were, however, appointed by a meeting of the corporation's shareholders. In dismissing the application of the "equal dignity" rule the decision states, "The agent of a corporation aggregate, to bind the principal by deed, need not be appointed by deed. It is sufficient if he be

---

[1] See also, Restatement, Agency 2d § 28 where the general rule is stated, "(1) Except as stated in subsection (2), an instrument executed by an agent as a sealed instrument does not operate as such unless authority or apparent authority to execute it has been conferred by an instrument under seal." The Restatement goes on to recognize that, "(2) *Sealed authority is not necessary* to execute an instrument under seal where: . . . (b) the instrument is authorized by a corporation or partnership in accordance with the rules relating to the authorization of such instruments by such associations..." (Emphasis supplied.)

appointed by vote. [Cit.] The agents by whom the mortgage before us was executed were appointed by a meeting of the stockholders. If they had power or authority to make the appointment, there can be no question of its validity." *Johnston,* supra, at 327.

Although *Lynch v. Poole,* supra, is a correct pronouncement of the law regarding the "equal dignity" rule as it applies to natural persons, we hold that the rule as stated therein is not applicable to agents of corporations. When empowered by corporate authority corporate agents are not required to have sealed authorization to enable them to execute sealed instruments on behalf of the corporation.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 13, 1978 — DECIDED JANUARY 24, 1979 — REHEARING DENIED FEBRUARY 14, 1979.

*Hicks, Maloof & Campbell, Robert E. Tritt, Gambrell, Russell & Forbes, Harold L. Russell, Frederick G. Boynton,* for appellant.

*Parks, Jackson & Howell, Bernard Parks,* for appellee.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Barry Phillips, Carl I. Gable, Jr., Shulman, Bauer, Deitch, Raines & Hester, Henry R. Bauer, Jr.,* amicus curiae.