69724. TRAVEL CENTRE, LTD. et al. v. STARR-MATHEWS AGENCY, INC.

(333 SE2d 26)

McMURRAY, Presiding Judge.

This action for declaratory judgment involves certain real property known as 18-20 Tennessee Avenue in Cartersville, Georgia. The property was leased to plaintiff Starr-Mathews Agency, Inc. Travel Centre, Ltd. subleased a portion of the property.

The lease on the property was to expire on November 20, 1983. By a letter dated October 15, 1983, the owner (an individual) authorized his real estate agent to negotiate and execute the necessary documents for a new lease.

During November the owner's agent and plaintiff's president reached an oral agreement for a five-year lease to commence November 20, 1983. Plaintiff paid the increased rental called for by the new lease and has continued the increased rental payments.

In December of 1983, the officers of defendant Travel Centre, Ltd. contacted the owner and after negotiation obtained, from the owner, an option to purchase the property in question. At the time of the creation of the option neither the owner, nor Travel Centre, Ltd. had any personal knowledge of the oral agreement between the owner's agent and plaintiff.

Shortly after obtaining the option, defendant Travel Centre, Ltd. notified plaintiff of the existence of the option. Thereafter, but prior to the exercise of the option, plaintiff and the owner's agent executed a written lease and back-dated the written lease to November 20, 1983, the expiration date of the prior lease. Plaintiff contends that this document is valid as a subsequent memorandum of the oral agreement.

In January 1984 defendant Travel Centre, Ltd. exercised its op-

tion to purchase and the owner conveyed the property to defendant Travel Centre, Ltd. by warranty deed. In February 1984 defendant Travel Centre, Ltd. notified plaintiff to vacate the premises.

Subsequently, plaintiff filed this action seeking to establish the validity of its new five-year lease of the premises. The case was tried before the trial court without a jury. The trial court entered its judgment declaring that defendant Travel Centre, Ltd.'s ownership of the property is subject to the new written five-year lease to plaintiff. Defendant Travel Centre, Ltd. appeals. *Held*:

1. Defendant Travel Centre, Ltd. contends that the oral lease for five years was void and invalid, creating only a tenancy at will. This contention is predicated upon the application of the Statute of Frauds. See OCGA § 13-5-30; *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343 (1) (259 SE2d 729). However, the Statute of Frauds is a personal defense. *Williamson & Co. v. Morgan*, 26 Ga. App. 713 (1) (106 SE 916). Thus, under the particular facts and circumstances of the case sub judice defendant is not in a position to raise the Statute of Frauds in regard to the lease. See in this regard *Columbia Nitrogen Corp. v. Dean's Power Oil Co.*, 136 Ga. App. 879, 884 (2) (222 SE2d 602). See also *Gilbert Hotel No. 22 v. Black*, 67 Ga. App. 221, 228 (19 SE2d 796); *Blanton v. Moseley*, 133 Ga. App. 144 (210 SE2d 368), and *Saunders v. Sasser*, 86 Ga. App. 499 (71 SE2d 709). Compare *Norris v. Downtown LaGrange Dev. Auth.*, supra, a condemnation case where the true conflict lies between the parties to the agreement.

2. Any ambiguity in the letter to the real estate agent or the written lease as to the portion of the premises involved was resolved by the trial court as trier of fact against defendant Travel Centre, Ltd. There was ample evidence that the entire building was the subject of the agreement between the real estate agent and plaintiff. *Leverett v. Bullard*, 121 Ga. 534 (1) (49 SE 591); *Baker v. Jellibeans*, 252 Ga. 458, 459 (1) (314 SE2d 874).

3. The new written lease is under seal. The letter of authority to the real estate agent was not under seal. "The act creating the agency shall be executed with the same formality [and need have no more] as the law prescribes for the execution of the act for which the agency shall be created." OCGA § 10-6-2. Generally, authority to execute an instrument under seal must be conferred by an instrument under seal. *Pollard & Co. v. Gibbs*, 55 Ga. 45; *Harris v. Woodard*, 144 Ga. 211 (1) (86 SE 1097). This is known as the "equal dignity" rule. *Whiteway Neon-Ad, Inc. v. Opportunities Industrialization Center of Atlanta, Inc.*, 243 Ga. 114 (252 SE2d 604).

Thus, the real estate agent was without authority to execute the written lease under seal and the trial court erred in determining that Travel Centre, Ltd.'s ownership of the property is subject to the writ-

ten five-year lease between the former owner and Starr-Mathews Agency, Inc. We express no opinion as to the status of the oral lease agreement subsequent to the execution of the written lease agreement.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 20, 1985.

*Shepherd L. Howell*, for appellants.
*Susan Lipscomb, Warren Akin, Gene Vance*, for appellee.