## 71892. TRAVEL CENTRE, LTD. et al. v. STARR-MATHEWS AGENCY, INC.
### (346 SE2d 840)

POPE, Judge.

This is the second appearance of this declaratory judgment action involving certain commercial property leased to Starr-Mathews Agency and subsequently purchased by Travel Centre, Ltd. In the first appearance, Travel Centre appealed from an order of the trial court finding that its ownership of the property was subject to a five-year oral lease later executed in writing by Starr-Mathews and an agent of the former owner who sold the property to Travel Centre; this court reversed on the ground that the agent lacked authority under seal to execute a lease under seal, thus violating the "equal dignity" rule. OCGA § 10-6-2. For a complete statement of facts, see *Travel Centre, Ltd. v. Starr-Mathews Agency*, 175 Ga. App. 175 (333 SE2d 26) (1985). The decision further stated that the court expressed "no opinion as to the status of the oral lease agreement subsequent to the execution of the written lease agreement." Id. at 177. Upon receipt of the remittitur, the trial court reconsidered the original evidence in conjunction with memoranda from the parties as to the validity of the oral lease and ruled that, as held in the original order and affirmed by this court in the first appeal, the Statute of Frauds was a personal defense not available to Travel Centre, which was not a party to the lease agreement; and that the property was subject to the oral lease between the agent of the previous owner and Starr-Mathews. Travel Centre again appeals, asserting that the evidence was insufficient to support the finding that the agent had the requisite authority to enter into the oral lease on the owner's behalf.

Recapitulating the uncontested facts pertinent here, prior to the expiration of Starr-Mathews' first lease Edward E. Crittenden, the owner of the property, authorized his agent in writing to negotiate and execute the documents necessary to effect a new lease. The agent and Starr-Mathews' president reached an oral agreement for a new five-year lease to commence at the expiration of the first lease, and Starr-Mathews continued to occupy the premises and to pay the increased rent agreed upon under the new lease. Approximately a month later Travel Centre obtained from Crittenden an option to purchase the property, and shortly thereafter notified Starr-Mathews of the option. Starr-Mathews and Crittenden's agent then reduced their oral lease to writing, backdating the written lease to the expiration date of the prior lease. One month later Travel Centre exercised its option to purchase and a warranty deed was conveyed by Crittenden. When Travel Centre notified Starr-Mathews to vacate the building, the original action was brought.

Travel Centre raises the question of the authority of the owner's

agent to enter into a lease agreement, asserting as it did in the first appeal that the invalidity of the lease created a tenancy at will. Since Starr-Mathews' oral lease with Crittenden's agent was for a definite term and the duration of the lease was to exceed one year, their agreement created a tenancy at will by operation of law. *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343 (1) (259 SE2d 729) (1979), and cits. Under the facts of this case, we must agree that Crittenden's agent was unable to effect anything other than a tenancy at will, because the principal was a natural person rather than a corporation. The "equal dignity" rule in Georgia as found in OCGA § 10-6-2 provides: "The act creating the agency shall be executed with the same formality (and need have no more) as the law prescribes for the execution of the act for which the agency shall be created. *A corporation may create an agent in its usual mode of transacting business and without its corporate seal.*" (Emphasis supplied.)

The appellate courts have interpreted this statute to apply differently to natural and corporate principals. Thus, if an agent acting on behalf of a natural person executes an instrument under seal, the agent's authority to make it must likewise be under seal, even if the contract was of such a nature as not to require a seal. E.g., *Lynch v. Poole*, 138 Ga. 303, 304 (75 SE 158) (1912); *Hayes v. City of Atlanta*, 1 Ga. App. 25 (2) (57 SE 1087) (1907). Indeed, Judge Powell in *Hayes* stated that "there is no question of law which seems to be more conclusively settled." Id. at p. 28. However, as the Supreme Court stated in *Whiteway Neon-Ad v. Opportunities &c. Center*, 243 Ga. 114, 115 (252 SE2d 604) (1979), "[i]n codifying the 'equal dignity' rule in [OCGA § 10-6-2], the legislature apparently recognized that corporations are unique legal entities which must at all times act through their corporate agents. Thus, the legislature excepted the creation of corporate agents from the 'equal dignity' rule and, as expressed in the italicized portion of the statute above, permitted corporations to create such agents in their usual mode of transacting business. . . ." For this reason, no ratification can be presumed here as was found in the recent case of *Dobbs v. Titan Properties*, 178 Ga. App. 389 (1) (343 SE2d 419) (1986), involving a corporate principal. See also *Graham v. Williams*, 114 Ga. 716 (1) (40 SE 790) (1902).

We are of the opinion that in the course of such business dealings as were undertaken here, few "natural persons" would ordinarily designate an agent to act in their behalf by a sealed instrument, whereas the written lease agreement utilized a basic form consisting of a clause within the body of the contract stating that the parties had "set their hands and affixed their seals" thereto with the letters "(L. S.)" following their signatures, which constituted a valid instrument under seal. We also note that the option to purchase contract between Crittenden and Travel Centre, bearing only the imprimatur

"(SEAL)" after the signatures, did not create an instrument under seal. See OCGA § 9-3-23; *Baxley Hardware Co. v. Morris*, 165 Ga. 359 (5) (140 SE 869) (1927); *Telfair Fin. Co. v. Williams*, 172 Ga. App. 489 (323 SE2d 689) (1984). Nevertheless, under the well-settled law on this issue, the judgment of the trial court must be reversed. It follows that Starr-Mathew's motion for damages pursuant to Rule 26 (b) of this court is denied.

*Judgment reversed. McMurray, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 22, 1986 —
REHEARING DENIED JUNE 19, 1986 —

*Shepherd L. Howell*, for appellants.
*Warren Akin*, for appellee.