38011, 38046.   NALLEY v. WHITAKER; and *vice versa.*

FELTON, Chief Judge. 1. "Any agreement (except contracts with overseers) that is not to be performed within one year from the making thereof" must be in writing. *Code* § 20-401 (5); *Byrd v. Piha,* 165 Ga. 397 (2) (141 S. E. 48).

2. The authority to execute a contract required by law to be in writing must be in writing. *Byrd v. Piha,* supra; *Blanchard & Calhoun Realty Co. v. Comer,* 185 Ga. 448 (1) (195 S. E. 420); *Code* § 4-105.

3. In cases of special agencies persons dealing with the agent must examine his authority. *Code* § 4-301; 2 Am. Jur. 77, 78, Agency, § 96; 2 C. J. S. 1191, Agency, § 92.

4. One entering into a fifteen-year lease contract executed by an agent in behalf of a purported principal is charged with notice that the agent's authority to execute the lease is required by law to be in writing and is under a duty to inquire and ascertain whether such written authority exists and

what the limits of the authority are, and such person is guilty of negligence in failing to make such an inquiry.

5. One who enters into such a contract without making due inquiry into the agent's authority is precluded from recovering damages from the agent either on the ground that the agent contractually misrepresented the fact that he had authority, either expressly or impliedly, or on the ground that he fraudulently misrepresented that he had authority to execute the lease as agent. Both counts of the petition in this case allege that Colie B. Whitaker, Jr., warranted that he was authorized as a duly authorized agent of Colie B. Whitaker, an individual doing business as Whitaker Oil Company, to execute the lease, and that he had no such authority.

6. The case of *Weinstein v. Rothberg*, 87 Ga. App. 94 (73 S. E. 2d 106) is distinguishable from this case in that in that case the contract was not required to be in writing and there were no facts to show that the person dealing with the agent was guilty of negligence in not further inquiring into the authority of the agent.

7. A plaintiff may not recover on the basis of warranty of authority or fraud when he could have protected himself by the exercise of ordinary care. *Millender v. Looper*, 82 Ga. App. 563, 569 (61 S. E. 2d 573), and cases cited.

It follows that the court erred in overruling the general demurrer to the two counts of the petition, the first of which is on the theory of breach of warranty of authority and the second on the theory of fraud by misrepresentation of the fact of authority. Other proceedings were nugatory.

*Judgment reversed on the cross-bill. Main bill dismissed. Gardner, P. J., Townsend, Carlisle, Nichols, Bell and Frankum, JJ., concur.*

DECIDED JULY 20, 1960.

*Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr.*, for plaintiff in error.

*Phillips & Johnson*, contra.