## 31358. BACHRODT REALTY CORPORATION et al.
## v. WALKER et al.

UNDERCOFLER, Presiding Justice.

This is an appeal from a denial of a motion for new trial following verdict and judgment in favor of appellees in a suit to rescind contracts, allegedly based upon fraudulent misrepresentations, for the sale of automobile dealerships located in Glynn County, Georgia.

The facts show that Stan Hinds in December, 1973, approached appellees regarding the purchase of their automobile dealerships and appeared to be acting in his own interests with undisclosed backers. The dealerships were operated under a General Motors "recourse" financing agreement. During the negotiations, at Hinds' request, appellees furnished him with a "pro forma" financial statement. This statement, using actual sales for the previous eleven months, estimated earnings for that period based upon *"non-recourse"* financing agreements — the standard agreement under which Hinds and his backers operated. Also, certain expense schedules were adjusted to meet Hinds' expected operations. It developed later that Hinds' backers were appellants. Hinds withdrew from the negotiations to enter into a partnership financed by his backers in another city, and thereafter, appellants and appellees entered into extensive negotiations leading to the purchase of appellees' dealerships. During these negotiations, without appellees' knowledge, Hinds presumably furnished appellants with the "pro forma" financial statement he had received from appellees.

Appellants enumerate six errors. After a careful review of the record, we affirm.

1. At the end of testimony for appellees, appellants moved to strike from the record and remove from the jury's consideration all evidence of alleged conversations between appellee, Walker, and Stan Hinds during initial negotiations by which Walker sought to show Hinds knew the statement was "pro forma" thereby establishing the defense that appellees had no intent to deceive. The motion was denied. Appellants contend that Hinds failed to advise them that the statement was "pro forma" and

therefore acted adversely to their interests, thus relieving them of any knowledge Hinds might have acquired as their agent with respect to the financial statement. We do not agree. Evidence was presented by appellants, through testimony by Stan Hinds, that he had never asked for or authorized the preparation of a "pro forma" statement, and he testified concerning conversations he had with Walker during preliminary negotiations. Rebuttal testimony by Walker was relevant and admissible to give his version of the same conversations between those parties. *Smith v. Smith,* 143 Ga. 837 (1) (85 SE 1034) (1915). The testimony complained of served to throw light upon the issue being tried and constitutes proper evidence in the case. *Ga. Sav. Bank &c. Co. v. Marshall,* 207 Ga. 314 (1) (61 SE2d 469) (1950).

2. Appellants object to certain deposition testimony because it introduced the issue of lack of due diligence by appellants and state that the doctrine of equitable estoppel should be invoked. "Estoppels are not favored." Code Ann. § 38-114; *Cobb County Rural Elec. Mem. Corp. v. Bd. of Lights &c. of Marietta,* 211 Ga. 535, 539 (87 SE2d 80) (1955). The evidence shows appellants knew of the existence of certain financial reports made regularly to General Motors by appellees and that they did not ask for them from appellees. "Since the whole doctrine [of estoppel] is a creature of equity and governed by equitable principles, it necessarily follows that the party who claims the benefit of an estoppel must not only have been free from fraud in the transaction, but must have acted with good faith and *reasonable diligence;* otherwise, no equity will arise in his favor." 2 Pomeroy's Equity Jurisprudence (4th Ed.) § 813; *Johnson v. Ellis,* 172 Ga. 435 (5) (158 SE 39) (1931); *Travelodge Corp. v. Carwen Realty Co.,* 223 Ga. 821, 824 (158 SE2d 378) (1967). There is no merit in this enumeration.

3. The testimony of Pat Bachrodt, that he "got a good deal" when he purchased the dealerships was not reversible error. Appellants contend the statement was made following the purchase and prior to the discovery of the alleged fraud, was prejudicial, and had no probative value. Conceding without deciding that the remark lacked probative value and was prejudicial to some

extent, there is ample evidence from which the jury could have reached their verdict in favor of appellees and such statement was not harmful. "Harm as well as error must be shown to authorize a reversal by this court." *Bateman v. Bateman,* 224 Ga. 20, 21 (159 SE2d 387) (1975).

4. Appellants contend the trial court erred in charging: (1) an agent who violated his duty to his principal could be held liable for damages to his principal for any loss or damage occasioned by this violation; (2) with respect to the five elements required for proving a case of fraud for rescission of contract; and (3) the jury would be authorized to find in favor of the defendants if they found defendants had not represented the financial statement . . . to be a true representation of the actual profits of his business.

After careful consideration and review of the charges given, we find no error. The charges directly related to issues before the court and jury, were correct statements of the law and were fairly stated without prejudice to either party.

5. Having considered all the enumerations of error and finding no merit in them, we find no error on the part of the trial judge in denying appellant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 5, 1976.

*Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., Lamar W. Davis, Jr., Lissner & Killian, Jack J. Lissner, Jr.,* for appellants.

*Taylor, Bishop & Lee, A. Blenn Taylor, Jr., Terry L. Readdick,* for appellees.