64112. SHIVERS et al. v. BARTON & LUDWIG, INC. et al.

CARLEY, Judge.

Appellants, Shivers and Gilbert, brought suit against appellees, Sexton and Barton & Ludwig, Inc. Appellants sought an accounting of all funds paid into a limited partnership, known as the Birmingham/Crabapple Properties, Ltd., in which they held an interest. The complaint alleged that, under the terms and conditions of the agreements between the parties, Sexton, as the agent, servant and employee of Barton & Ludwig, was to act as a general partner and conduct the business of the partnership. The complaint further alleged that appellees had purchased and sold real property for the limited partnership and made a partial distribution of proceeds, but had failed and refused to account for other funds earned or received

by the partnership. This appeal is from the grant of summary judgment in favor of Barton & Ludwig on the ground that it was not a party to the contract sued upon.

While the partnership agreement sued on discloses that Barton & Ludwig was not a signatory thereto, appellants argue that there was evidence from which they might assume Sexton was acting as Barton & Ludwig's agent, or, in the alternative, that Barton & Ludwig ratified Sexton's actions, and thereby adopted his conduct as its own. The evidence of record in this regard includes a letter written by Sexton on stationery bearing a Barton & Ludwig letterhead thanking appellants for "placing your confidence in Barton/Ludwig, Inc., with your investment" in the partnership, and welcoming them into the "Barton/Ludwig family." Appellants also offered affidavits stating that, after the formation of the partnership, some checks were made payable to Barton & Ludwig at Sexton's direction.

A review of the record demonstrates that any manifestations of implied agency or apparent authority arose only through the words or acts of Sexton, the alleged *agent.* However, " ' "[a]pparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the *principal* which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." [Cits.]' " [Cit.] " ' "The authority of an agent in a particular instance need not be proved by express contract; it may be established by the *principal's conduct and course of dealing,* and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has." [Cits.]' [Cit.]" (Emphasis supplied.) *Arrington & Blount Ford v. Jinks,* 154 Ga. App. 785, 787 (270 SE2d 27) (1980). Thus, where the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists. *Rawleigh Co. v. Royal,* 30 Ga. App. 706 (2) (119 SE 339) (1923). See also *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414 (1) (184 SE2d 56) (1971); *Oliver v. Thomas,* 158 Ga. App. 388 (280 SE2d 416) (1981).

Moreover, the instant partnership was formed for the purpose of acquiring interest in certain tracts of land. Such agreements must be executed in writing. Code Ann. § 20-401 (4). Code Ann. § 4-105 also requires that "[t]he act creating the agency shall be executed with the

same formality ... as the law prescribes for the execution of the act for which the agency shall be created." Code Ann. § 4-105 has been judicially construed to mean "that agencies for the execution of agreements which are required to be made by principals to be in writing, must be created by written authority. Otherwise, the purpose of the statute of frauds, which is to prevent frauds and perjuries, would be virtually done away with. So we are of the opinion that under this section the authority of an agent to execute a contract or memorandum for the sale of real estate or for the lease thereof for a period longer than one year, must be evidenced in writing. Under this section it is just as important that the authority of an agent shall be in writing as that the contract which he makes shall be in writing. [Cits.]" *Byrd v. Piha,* 165 Ga. 397, 402-403 (141 SE 48) (1927). See also *Jones v. Sheppard,* 231 Ga. 223, 225 (200 SE2d 877) (1974); *Garden of Eden v. Eastern Savings Bank,* 244 Ga. 63 (1) (257 SE2d 897) (1979). Therefore, "[o]ne entering into [such a] contract executed by an agent in behalf of a purported principal is charged with notice that the agent's authority to execute the [agreement] is required by law to be in writing and is under a duty to inquire and ascertain whether such written authority exists and what the limits of the authority are, and such person is guilty of negligence in failing to make such an inquiry." *Nalley v. Whitaker,* 102 Ga. App. 230 (4) (115 SE2d 790) (1960).

Finally, the record is devoid of any evidence raising the issue of ratification of Sexton's agency by Barton & Ludwig. " 'When the fact of agency is to be proved by the *subsequent ratification* and adoption of the act by the principal, there must be *evidence* of previous knowledge, on the part of the principal, of *all the material facts.'* [Cits.]" *Southeastern &c. Ins. Co. v. State Farm &c. Ins. Co.,* 118 Ga. App. 861, 865 (2) (165 SE2d 887) (1968). See also *Deal v. Dickson,* 232 Ga. 885, 886 (3) (209 SE2d 214) (1974). Accordingly, the mere fact that Barton & Ludwig, at Sexton's direction, may have derived some benefits from the agreement appellants entered into with Sexton is insufficient to establish or even imply an agency relationship. The trial court did not err in granting summary judgment to Barton & Ludwig.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 5, 1982 —
REHEARING DENIED NOVEMBER 23, 1982 —

*Fred A. Gilbert, John Matteson,* for appellants.

*F. Carlton King, Jr., George W. Warlick, William L. Ballard,* for appellees.