65268. INTERNATIONAL INDEMNITY COMPANY v.
REEVES.

BANKE, Judge.

This appeal is from the grant of partial summary judgment in favor of the insured in a suit spawned by *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). The trial court ruled that the insured is entitled to the maximum PIP coverage (i.e. $50,000). See OCGA § 33-34-5 (former Code Ann. § 56-3404b (b)) (Ga. L. 1974, pp. 113, 117; 1975, pp. 3, 4; 1975, pp. 1202, 1206). The insurance application at issue suffers from the same alleged defects as the one at issue in *Jones.* The appellant insurer argues on the one hand that a jury issue exists concerning whether the insured rejected the optional increased coverage after being informed orally of its

availability, and on the other hand that the insured lacks standing to complain about the inadequacy of the application because it was signed for him by his wife. *Held:*

1. The first issue has been decided adversely to the appellant by the Georgia Supreme Court. See *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983). In that opinion, the court held that "the requirements of subsection b are satisfied by two signatures, one for the acceptance or rejection of optional PIP and another to indicate acceptance or rejection of vehicle damage coverage." The application in the record before us fails to meet this requirement, which the court held to be retroactive in application.

2. Although the appellee's wife applied for the insurance in his name, there is no question that the policy was issued in the appellee's name. The record also reflects that the appellant paid the minimum PIP benefits directly to the appellee without question concerning his status under the policy. This argument is accordingly meritless.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 10, 1983.

*O. Wayne Ellerbee, William A. Turner, Jr.,* for appellant.
*Joseph B. Gray, Jr., N. Stan Ballew,* for appellee.