67765. HOLT et al. v. INTERNATIONAL INDEMNITY COMPANY.

McMurray, Chief Judge.

The case sub judice is another of the progeny of *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673).

On March 10, 1981, International Indemnity Company (IIC) issued two motor vehicle insurance policies to Georgia Elaine Rholetter. One of the policies was to provide coverage of a log truck and trailer. On the applications for both policies, only one signature space was provided as to all coverages offered. As issued, both policies provided $5,000 basic personal injury protection (PIP) benefits.

Thereafter, Georgia Rholetter married Ernest Holt, and the two were engaged in the business of cutting and hauling logs, using in that business the log truck covered by the insurance policy issued by IIC.

David Holt, an adult son of Ernest Holt, was employed in the Holts' logging business. On August 8, 1981, he was injured while attempting to free utility wires which had been snagged on one of the logs loaded on the trailer attached to the logging truck. Following the injury of David Holt, IIC paid $2,500 for lost wages and $2,500 for medical expenses.

Sometime after David Holt's injury Mr. and Mrs. Ernest Holt notified their insurance agent of their desire to add an additional driver (a Mr. Dooley) to the policy covering the logging truck. In connection with the application for the added driver endorsement the insurance agent obtained a driver history form supplying information regarding the new driver and also obtained a supplemental application on which

Ernest Holt signed his name in several places. The supplemental application form dated September 9, 1981, contained check marks in the boxes to reject PIP coverage of $10,000, $25,000 and $50,000 with a separate signature regarding additional no-fault options, property damage options and uninsured motorist coverage. Although the supplemental application form in question did not refer to any policy number it was forwarded to IIC along with the driver history form and a cover letter referring to the policy covering the logging truck.

The other policy issued to Georgia Rholetter (Holt) was a personal vehicle policy issued to cover a pick-up truck. In connection with that policy, when an additional automobile was added to the policy, another supplemental application (with proper separate signatures for the various coverages) was signed on October 23, 1981, by Georgia Rholetter Holt rejecting all additional PIP.

On February 12, 1982, a third supplemental application was signed accepting $50,000 in PIP coverage. Specific reference was made to the policy providing coverage of the logging truck. Demand was made for payment of the benefits under that policy and an additional premium was tendered, but IIC refused to pay any PIP above $5,000 or to accept the tendered check.

Plaintiffs Georgia Rholetter Holt and David Holt brought this action against IIC praying that IIC be required to furnish plaintiffs additional PIP coverage on the insurance policy covering the logging truck and other relief. The case was tried before the court, without a jury, and the court entered its findings of fact and conclusions of law. The trial court concluded that, although David Holt's injuries arose out of the operation, maintenance or use of the insured vehicle the plaintiffs failed to carry the burden of proof of establishing PIP coverage in excess of the basic $5,000. The trial court concluded in regard to the commercial policy that "Ernest Holt was an insured under that policy as defined by the policy and OCGA § 33-34-2 (5) [formerly Code Ann. § 56-3402b (b)], who could have applied for insurance for his wife. [Citing *Intl. Indemnity Co. v. Reeves*, 165 Ga. App. 730 (302 SE2d 611) (1983)]. Thus he could reduce coverage, especially if he did so in her presence and with her knowledge. [Citing *Miller v. State Farm Mut. Auto. Ins. Co.*, 155 Ga. App. 487 (271 SE2d 14)]." The trial court further concluded that the rejection of optional coverage by Ernest Holt after David Holt's injury, but prior to any claim for optional PIP, limits the claim to the $5,000 amount already paid. Plaintiffs appeal from the judgment in favor of defendant. *Held*:

It appears uncontroverted that at the time of the original application for the two insurance policies there was no rejection of the optional PIP coverage in the manner required under the provisions of OCGA § 33-34-5 (a) (b), prior to the 1982 amendment (formerly Code Ann. § 56-3404b (a) (b)). Additionally, we note that the original appli-

cation for the policy on the logging truck shows no acceptance or rejection of optional PIP in substantial compliance with the provisions of OCGA § 33-34-5 (b), prior to the 1982 amendment. See *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215). "In the absence of such a rejection, the policy, therefore, provides $50,000 PIP coverage from its inception." *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (1), supra.

Under the provisions of OCGA § 33-34-5 (b), prior to the 1982 amendment, "[e]ach application for a policy of motor vehicle liability insurance sold in this state must contain separate spaces for the insured to indicate his acceptance or rejection of each of the optional coverages listed in subsection (a) of this Code section and no such policy shall be issued in this state unless these spaces are completed and signed by the prospective insured." The sole named insured on both policies issued by IIC is Georgia Rholetter Holt.

Although acknowledging that Ernest Holt could not unilaterally reject optional PIP (see in this regard *Miller v. State Farm Mut. Auto. Ins. Co.*, 155 Ga. App. 487 (1), supra, and *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870)), IIC argues that Ernest Holt signed the supplemental application containing a rejection of optional PIP (which by other evidence is associated with the policy covering the log truck and which contains a separate signature related to the rejection of optional PIP), acting as the agent of Georgia Rholetter Holt. See in regard to this procedure *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230, 233 (1) (274 SE2d 623) and *Enfinger v. Intl. Indemnity Co.*, 253 Ga. 185 (317 SE2d 816).

Under the equal dignities rule (OCGA § 10-6-2, formerly Code § 4-105) any agency relationship between the Holts for the purpose of authorizing Ernest Holt to sign the rejection of optional PIP on behalf of Georgia Rholetter Holt was required to have been in writing. Additionally, IIC being charged with the knowledge of the provisions of OCGA § 33-34-5 (b), prior to the 1982 amendment, and of the equal dignities rule was under a duty to inquire and ascertain whether written authority existed for Ernest Holt signing the rejection of optional PIP on behalf of his wife. The failure to so inquire is negligence. *Nalley v. Whitaker*, 102 Ga. App. 230 (4), 231 (5) (115 SE2d 790); *Shivers v. Barton & Ludwig, Inc.*, 164 Ga. App. 490, 492 (296 SE2d 749). Estoppel arises where one makes representations to another concerning a matter about which the other acts to his injury, or to the benefit of the one making the representation. However, the reliance upon the representation must be a reasonable reliance and where, as in the case sub judice, a party seeking to assert an estoppel has presented no evidence as to whether it has fulfilled its duty, to inquire and ascertain whether the purported agent acted under written authority, there has been no showing of a reasonable reliance.

*Bachrodt Realty Corp. v. Walker*, 237 Ga. 696, 697 (2) (229 SE2d 455); *Whitco Produce Co. v. Bonanza Intl.*, 154 Ga. App. 92, 93 (267 SE2d 627).

We must distinguish the second division of *Miller v. State Farm Mut. Auto. Ins. Co.*, 155 Ga. App. 487, 488 (2), supra. That decision involves an attempt by a claimant who had herself, at the direction of the insured (her husband) and in the name of the insured, signed a rejection of optional coverage, and admitted doing so, to disavow her admitted agency in an attempt to impose liability.

We note that our decision is consistent with the intent of OCGA § 33-34-5 (b), prior to the 1982 amendment, that an applicant's waiver of his privilege to obtain optional coverages be evidenced by a writing. The purpose of the requirement of a writing being to simplify resolution of conflicts which arise when an insured contends he was not informed of his statutory right to optional benefits. *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708, supra. The trial court erred in rendering its findings and judgment in favor of IIC and against plaintiffs.

*Judgment reversed. Deen, P. J., concurs specially. Sognier, J., concurs in the judgment only.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 31, 1984 — ▮▮▮▮▮▮▮▮▮

*James T. Irvin*, for appellants.
*Michael L. Wetzel*, for appellee.

DEEN, Presiding Judge, concurring specially.

I agree with the result reached by the majority, but for a different reason. The insurer's initial failure to comply with the written rejection requirements of OCGA § 33-34-5 (b) is undisputed in this case. Under *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), the policy issued to the appellant thus provided for $50,000 PIP from its inception.

The injury in this case occurred on August 8, 1981. Even assuming that the appellant's husband had authority to reject the optional coverages in his wife's policy, that rejection did not occur until September 18, 1981. In short, at the time of the injury, the policy in question as a matter of law provided for $50,000 PIP benefits. As the appellant policyholder demanded the increased coverage for a time period before any rejection of the optional coverages had been effected, and submitted proof of loss by the injured party, the appellee was liable for the claim. *GEICO v. Mooney*, 250 Ga. 760 (300 SE2d

799) (1983); *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706 (309 SE2d 870) (1983).