71007, 71008. WALKER et al. v. WILLIAMS et al.; and vice versa.
(341 SE2d 487)

BEASLEY, Judge.

Plaintiffs, trustees of the Wellington-Quesnoy Exchange Trust, and real estate broker Chase & Taylor, Inc., brought the present action against apartment complex owner Brenda Williams and her son, Stephen Williams, as her agent, for breach of contract for the sale of the apartment complex. The complaint alleges alternatively that, if the contract is not valid because unauthorized, Stephen Williams

made fraudulent misrepresentations of agency during the contract negotiations upon which they relied to their detriment. Chase & Taylor seeks to recover the real estate commission it would have collected had the sale closed.

The trial court granted Brenda Williams' motion for summary judgment concluding it was undisputed that she was not a party to the sales contract and there was no evidence that she had clothed her son with authority, either actual or apparent, to act on her behalf. Plaintiffs appeal. Defendant Stephen Williams cross-appeals from the denial of his motion for summary judgment.

*Case No. 71007*

Plaintiffs argue that summary judgment was improperly granted Brenda Williams because genuine issues of material fact remain on the issue of agency.

It is undisputed that Stephen Williams lacked written authority to execute the real estate sale on his mother's behalf. The sales agreement was negotiated by Stephen Williams and was signed "Brenda Williams by Stephen Williams." He had no written authority to act on her behalf. Brenda Williams was not present during the negotiations or signing. OCGA § 13-5-30 (4) requires that a contract for the sale of lands be in writing and signed by the seller "or some person lawfully authorized by him." *Jones v. Sheppard*, 231 Ga. 223, 224 (1) (200 SE2d 877) (1973). OCGA § 10-6-2, the equal dignity rule, requires that "[t]he act creating the agency shall be executed with the same formality . . . as the law prescribes for the execution of the act for which the agency shall be created." Thus, "under this section the authority of an agent to execute a contract or memorandum for the sale of real estate . . . , must be evidenced in writing . . . Therefore, '[o]ne entering into [such a] contract executed by an agent in behalf of a purported principal is charged with notice that the agent's authority to execute the [agreement] is required by law to be in writing and is under a duty to inquire and ascertain whether such written authority exists and what the limits of the authority are, and such person is guilty of negligence in failing to make such an inquiry.' [Cit.]" *Shivers v. Barton & Ludwig, Inc.*, 164 Ga. App. 490, 492 (296 SE2d 749) (1982).

Plaintiffs here contend that Brenda Williams is estopped from asserting lack of written authority as a defense. "Estoppel arises where one makes representations to another concerning a matter about which the other acts to his injury, or to the benefit of the one making the representation. However, the reliance upon the representation must be a reasonable reliance and where . . . a party seeking to assert an estoppel has presented no evidence as to whether it has ful-

filled its duty, to inquire and ascertain whether the purported agent acted under written authority, there has been no showing of a reasonable reliance. [Cits.]" *Holt v. Intl. Indem. Co.*, 171 Ga. App. 817, 819 (321 SE2d 374) (1984).

Plaintiffs presented no evidence that they fulfilled their duty to inquire and ascertain whether Stephen Williams had written authority to contract on his mother's behalf. Nor is there any evidence that Brenda Williams made any representations in any manner to plaintiffs that her son was authorized. An affidavit by plaintiff Haley simply stated that "Stephen M. Williams represented to me that Brenda E. Williams *would execute* a limited power of attorney concerning the sale and transfer of Hearthstone Apartments," (emphasis supplied) and that he had talked with his mother and her attorney during negotiations. But any manifestations of implied agency or apparent authority arising only through the words or acts of Stephen Williams are insufficient to authorize a finding that an agency existed. *Shivers*, supra at 491. Plaintiffs' response to an interrogatory relating that they had been told on several occasions Brenda Williams had executed the power of attorney is not relevant for the additional reason that they admit these representations were made *after* the sales agreement had already been signed. The record also reflects that plaintiff Walker wrote Brenda Williams a letter, dated the day following the execution of the sales agreement, requesting that she sign and return the enclosed power of attorney and stating, "[t]his document is needed for the closing . . ." The power of attorney was never executed.

Since plaintiffs did not meet their obligation to inquire and ascertain whether Stephen Williams had written authority to act, there has been no showing of a reasonable reliance, and plaintiffs' estoppel argument fails. *Holt*, supra. The party who claims the benefit of the equitable doctrine of estoppel must have acted with reasonable diligence. *Bachrodt Realty Corp. v. Walker*, 237 Ga. 696, 697 (2) (229 SE2d 455) (1976). Accordingly, the trial court did not err in granting Brenda Williams' motion for summary judgment.

### Case No. 71008

On cross-appeal defendant Stephen Williams asserts that the trial court erred in denying his motion for summary judgment as to the fraud count.

"One entering into a . . . contract [required to be in writing] executed by an agent in behalf of a purported principal is charged with notice that the agent's authority to execute the lease is required by law to be in writing and is under a duty to inquire and ascertain whether such written authority exists and what the limits of the au-

thority are, and such person is guilty of negligence in failing to make such an inquiry. 5. One who enters into such a contract [required to be in writing, with an agent] without making due inquiry into the agent's authority is precluded from recovering damages from the agent either on the ground that the agent contractually misrepresented the fact that he had authority, either expressly or impliedly, or on the ground that he fraudulently misrepresented that he had authority to execute the lease as agent . . . A plaintiff may not recover on the basis of warranty of authority or fraud when he could have protected himself by the exercise of ordinary care." *Nalley v. Whitaker*, 102 Ga. App. 230, 231 (115 SE2d 790) (1960).

Because plaintiffs failed to inquire into Stephen's authority, they are precluded from recovery for fraud.

The law protects the buyer from fraud by an alleged agent by requiring that there be a written authorization from the principal. The buyer must simply take advantage of this protection by demanding production of the written authorization before entering into negotiations and the sales contract. Even though there is actual misrepresentation of authority as a matter of fact, it cannot be misrepresentation as a matter of law, because unless it is in writing, it is not authority. Oral authorization to enter a sales contract for land is no authority. Since plaintiffs were charged with knowing that the law requires the authorization to be in writing, there was no actionable misrepresentation, and this element of fraud was missing. OCGA § 51-6-2; *Bacote v. Wyckoff*, 251 Ga. 862, 865 (1) (310 SE2d 520) (1984).

For the same reason but viewed from a different angle, another element of fraud, reliance, is missing. Plaintiffs had no right to rely on Stephen Williams' representations of authorization because the law requires such to be written. Thus, as a matter of law, there would be no reasonable reliance on what he said. There cannot be a factual issue of apparent authority based on oral representations for the jury to decide, when the law requires written authority as manifestation of it. It is undisputed that the plaintiffs knew there was no written authority; the most they can say is that Stephen said his mother would give it. But, of course, when the plaintiffs sent the power to her after the sales agreement was signed by Stephen, she did not sign it. The "agreement" which is the basis for the plaintiffs' lawsuit amounted to no more than an offer by them, or at least two of them, to the owner, which she rejected.

We do not reach the question of the authority of two of the three trustees to bind the trust.

Giving all favorable inferences and every reasonable doubt to plaintiffs as respondent, Stephen Williams as movant has met his burden of establishing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Buice*

*v. White*, 172 Ga. App. 634 (1) (324 SE2d 203) (1984). The trial court erred in denying his motion for summary judgment.

*Judgment affirmed in Case No. 71007. Judgment reversed in Case No. 71008. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 17, 1986.

*James L. Paul, Gary A. Barnes,* for appellants.
*John G. McCullough, Lewis E. Hassett, Annette K. McBrayer, David D. Payne,* for appellees.