### 77216. BEVENS v. TUTEN.
(377 SE2d 516)

CARLEY, Judge.

In 1978, appellant was appointed administratrix of the estate of her intestate father and, as a condition of appellant's appointment, the probate court required that she post a surety bond. Appellant procured the required surety bond from appellee-plaintiff. Under the pertinent terms of the contract, appellant "covenant[ed] and agree[d] to pay in advance the premium or fees agreed upon to wit: $460.00 upon execution of the bond and annually in advance thereafter; until [appellee] is furnished with satisfactory and conclusive evidence of the termination of [his] liability under this bond. . . ." Notwithstanding the terms of the contract, appellant ceased payment of the bond premiums to appellee after 1979, even though she had neither secured her own discharge as administratrix nor otherwise furnished appellee with evidence of the termination of his liability under the bond. In 1980 and again in 1981, appellant was cited by the probate court for her failure to pay the premiums and to submit the required accountings to appellee. Appellant did eventually petition for her discharge as administratrix in 1981 and a hearing, which appellant did not attend, was held on her petition. No order of appellant's discharge was ever issued, however, because a claim had been filed against the estate and because appellant had failed to file certain reports required by law. Since 1981, appellant has made no other attempt to secure her discharge as the administratrix.

The present case arises from the "Petition Against Defaulting Administratrix" which appellee filed in the probate court in 1987. In the petition, appellee sought payment from appellant of the surety bond premiums for the years 1980 through 1987 and the issuance of

an order of discharge as appellant's surety. See OCGA §§ 53-7-38; 29-2-52. Following a hearing, the probate court entered an order which required that appellant pay the past due premiums plus interest and which granted appellee's request to be discharged as appellant's surety. Appellant filed a de novo appeal to the superior court. The superior court granted appellee's motion for summary judgment. Appellant appeals from that grant of summary judgment in favor of appellee.

1. Appellant enumerates the superior court's grant of summary judgment in favor of appellee as erroneous, urging that genuine issues of material fact remain as to her liability for the surety bond premiums because she denies receipt of any notice from appellee that the premiums had become due. According to appellant, this evidence is material to her non-liability for premium payments because it would authorize a finding that appellee had unilaterally renewed the bond without obtaining her consent.

It is undisputed that appellant has never secured her own discharge as administratrix, and that it was not until 1987 that the probate court ordered the discharge of appellee as appellant's surety. Accordingly, appellant remained contractually liable for the payment of the annual premiums until 1987 and any factual dispute as to whether appellant had received notice that those premiums had become due would not create a genuine issue of material fact. Pursuant to the clear and unambiguous terms of the parties' controlling agreement, neither appellee's continuing liability as surety nor appellant's continuing liability for premium payments was made dependent upon any further notification that premium payments were due. Instead, it was agreed from the very outset that appellee would continue to serve as surety and that appellant would continue to make annual premium payments until such time as appellee was furnished evidence of his legal release from the bond obligations. Under such a contractual provision, the giving of any future notice by appellee to appellant that a payment had become due would have no bearing upon appellee's obligation to continue to serve as appellant's surety or upon appellant's obligation to continue to make premium payments. The parties' mutual obligations were continuing rather than renewable ones and any attempt by appellant or appellee to terminate the contract prematurely, either unilaterally or by mutual agreement, would be ineffectual. "Unless a contrary provision appears in the bond itself, the surety is bound by his agreement to see the administration through to the end, and this obligation cannot be terminated earlier except in a way for which provision has been made by statute." *Great American Indem. Co. v. Jeffries*, 65 Ga. App. 686, 688 (16 SE2d 135) (1941).

Accordingly, the undisputed relevant evidence of record shows that the surety bond and its underlying obligations were not subject

to annual renewal, but were to remain in effect until such time as terminated either by the discharge of appellant as the administratrix or under such limited conditions for appellee's earlier discharge as were provided by statute. Thus, appellant had a continuing contractual obligation to pay appellee the premiums on the surety bond, notwithstanding any lack of notice of premium payments or any attempt by either or both of the parties to terminate the agreement without the intervention of the probate court.

2. Appellant further contends that appellee's claim for past due premiums is barred by the statute of limitations.

" '[U]nder an entire indivisible contract, the statute [of limitations] begins to run when and only when the services are terminated or the work is completed, although the work may consist of numerous parts or items, and although the contract provides that the compensation shall be made at stated intervals, or in installments.' [Cits.]" *Burns v. Mitchell*, 55 Ga. App. 862, 863 (2) (191 SE 870) (1937). " 'In determining whether the contract is entire or severable, the criterion is to be found in the question whether the whole quantity, service or thing—all as a whole—is of the essence of the contract. If it appears that the contract was to take the whole or none, then the contract would be entire. [Cit.]' [Cits.]" *Burns v. Mitchell*, supra at 862. The surety bond here in issue was clearly an entire, rather than a severable, contract. Under its terms, appellee proposed to see the administration of the estate of appellant's father through to the end without any limitation as to time period. Appellant contracted for appellee to serve as her surety throughout administration of the estate. The claim for past due premiums was made prior to the termination of appellee's duties under the contract. Accordingly, appellee's claim was not barred by the statute of limitations.

3. Appellant further urges that appellee should be estopped from asserting a claim for unpaid premiums because of his notification to her of the unilateral termination of the bond in 1982.

" 'Since the whole doctrine [of estoppel] is a creature of equity and governed by equitable principles, it necessarily follows that the party who claims the benefit of an estoppel must not only have been free from fraud in the transaction, but must have acted with good faith and *reasonable diligence*; otherwise no equity will arise in [her] favor.' [Cits.]" (Emphasis in original.) *Bachrodt Realty Corp. v. Walker*, 237 Ga. 696, 697 (2) (229 SE2d 455) (1976). See also *Walker v. Williams*, 177 Ga. App. 830, 832 (341 SE2d 487) (1986). The administration of the estate, including the termination of appellant's surety bond, was a matter which could only be addressed by the probate court. Appellant, by becoming the administratrix, was therefore required to look to the probate court for guidance in the performance of her legal duties and responsibilities. The record in the present case

shows a singular lack of diligence on the part of appellant in the pursuit of her discharge as the administratrix and in the performance of her duties under the surety bond in question. Had appellant exercised reasonable diligence in the matter, she would have known that there was no effective unilateral termination of the bond in 1982 and that her duties and responsibilities as administratrix, including payment of the premiums, were continuing ones. "Accordingly, the trial court did not err in granting [appellee's] motion for summary judgment." *Walker v. Williams*, supra at 832.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 5, 1988 —
REHEARING DISMISSED JANUARY 4, 1989.

*Clarence L. Martin*, for appellant.
*Russell L. Clark*, for appellee.