A92A1975. EAST PIEDMONT 120 ASSOCIATES, L. P.
et al. v. SHEPPARD.
(434 SE2d 101)

Cooper, Judge.

Appellants sued Ray and Clara Joy Sheppard for fraud and breach of an alleged oral agreement to form a joint venture to develop Mrs. Sheppard's land into a shopping center. On appeal, appellants challenge an order of the trial court granting summary judgment for Mrs. Sheppard ("appellee") and declaring her real property free from any claim of lien.

Viewing the facts in a light most favorable to appellants as nonmovants on a motion for summary judgment, it appears that Asa G. Candler V, Asa G. Candler VI, Richard B. Candler and William R. Candler, all doing business as the Candler Development Company ("appellants"), were engaged in the business of locating and developing sites for shopping centers with Publix Super Markets as anchor tenants. After a number of meetings with Ray Sheppard, appellants entered into an oral joint venture agreement with him on August 2, 1991. Pursuant to this oral agreement, Ray Sheppard was to contribute a particular parcel of land to the joint venture and appellants would contribute their expertise, services and relationship with Publix. The specific terms of the agreement were not addressed at that time, but the intent to create the joint venture was memorialized in a Letter of Intent executed by appellants and Ray Sheppard that same day. At some point, appellants learned that the land was in fact owned by appellee rather than Ray Sheppard. Based on Ray Sheppard's actions and declarations, however, they assumed the land was in appellee's name for tax purposes only and that Ray Sheppard had complete authority to manage, control and dispose of it. After the alleged oral agreement was made, appellants secured approval of the site by Publix, engaged an architect to prepare a site plan and conducted engineering studies. In January 1992, appellants' attorney drafted a proposed written joint venture agreement that purportedly

reflected negotiations with Ray Sheppard. When the written document was presented to appellee, however, she found it unacceptable, primarily because it did not provide for any payment up front for the contribution of her land. Appellants then offered to purchase the property, but appellee rejected this offer as well because it did not give her the immediate cash she needed. After the Sheppards notified appellants that they intended to pursue other options for appellee's $1.6 million parcel of land, appellants brought this action, seeking damages as well as an equitable lien on the land. In their sole enumeration of error, appellants contend the trial court erred in ruling that there was no issue of fact as to whether there was a joint venture agreement binding on appellee and her land.

Essentially, appellants seek to enforce Ray Sheppard's oral promise to convey an interest in land, and to bind appellee by that promise on the theory that Ray Sheppard had authority to act as her agent. However, oral promises to convey interests in land are unenforceable under the Statute of Frauds. OCGA § 13-5-30 (4). Although partnership or joint venture agreements need not be in writing as a general matter, see *Vitner v. Funk*, 182 Ga. App. 39 (2) (354 SE2d 666) (1987), the fact that promises covered by the Statute of Frauds are made in the context of a partnership or joint venture agreement does not render the statute inapplicable. See id.; *Shivers v. Barton & Ludwig, Inc.*, 164 Ga. App. 490 (296 SE2d 749) (1982). In *Shivers*, the plaintiff tried to sue the defendant as a partner in a partnership formed for the purpose of dealing in interests in land, arguing that one of the partners who signed the partnership agreement was acting as the defendant's agent. There was no document authorizing the purported agent to act for the purported principal. Under these circumstances, we held that the agreement creating the partnership for the purpose of dealing in interests in land had to be executed in writing under the Statute of Frauds; that a purported agent's authorization to enter into such an agreement on behalf of a purported principal also would have to be in writing under OCGA § 10-6-2; and that " '(o)ne entering into (such a) contract executed by an agent in behalf of a purported principal is charged with notice that the agent's authority to execute the (agreement) is required by law to be in writing and is under a duty to inquire and ascertain whether such written authority exists and what the limits of the authority are, and such person is guilty of negligence in failing to make such an inquiry.' [Cit.]" Id. at 492.

Appellants cite *Darby v. United States*, 496 FSupp. 943 (S. D. Ga. 1980), for the proposition that real property may be contributed to a partnership or joint venture by oral agreement. However, neither *Darby*, which involved the question of whether or not a piece of real property which had been contributed to a partnership without a writ-

ing should be taxed as part of a decedent's estate, nor the cases cited in *Darby* involved the issue presented here: the actual enforcement of an unkept promise to contribute real property to a partnership or joint venture set up for the purpose of developing and marketing that property. Under the facts of this case, *Shivers* rather than *Darby* controls, and the Statute of Frauds applies. The evidentiary and cautionary purposes of the statute — to prevent fraud and perjury on the one hand and to ensure that parties are aware of the serious consequences of their actions on the other — are implicated when a promise to convey an interest in land is made in the context of a partnership or joint venture agreement just as they are when such a promise is made in any other context.

Furthermore, the fact that Ray Sheppard was appellee's husband did not negate the need for a written authorization to convey or promise to convey any interest in appellee's land. See *Deal v. Dickson*, 232 Ga. 885 (1) (209 SE2d 214) (1974). It is undisputed that Ray Sheppard had no written authorization and that appellants never asked for one. Accordingly, the trial court properly ruled that agency could not be established as a matter of law and that appellee's property was free from any claim of lien, and thus properly granted summary judgment as to appellee and her land.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 2, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Snellings & Ferguson, Stanley T. Snellings, Ian H. Miller*, for appellants.

*Dupree, Johnson & Poole, Hylton B. Dupree, Jr., Mark A. Johnson*, for appellee.