A00A2102, A00A2103. LEIGAN et al. v. SEARS ROEBUCK & COMPANY; and vice versa.
(546 SE2d 293)

ANDREWS, Presiding Judge.

In Case No. A00A2102, plaintiff Mrs. Leigan appeals from the trial court's partial grant of summary judgment to Sears Roebuck & Company (Sears) on her fraud claim based on a misleading termite inspection letter issued by Sears in connection with the Leigans' purchase of the Reeses' home. In Case No. A00A2103, Sears appeals

---

[6] *Isaac v. State*, 237 Ga. App. 723, 728 (516 SE2d 575) (1999).
[7] *Waller v. State*, 251 Ga. 124, 127 (303 SE2d 437) (1983).

from the trial court's denial of its motion to compel arbitration of Mr. Leigan's fraud claim based on the same letter.[1]

### Case No. A00A2102

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In reviewing a grant of summary judgment,[2] this Court conducts a de novo review of the law and the evidence, *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997), giving the opposing party the benefit of all reasonable doubt and construing the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Clark v. Cauthen*, 239 Ga. App. 226, 227 (1) (520 SE2d 477) (1999); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988).

So viewed, the evidence was that Mr. and Mrs. Leigan had divorced in 1995 while living in Missouri. Subsequently, they reconciled, although they did not remarry until December 31, 1997. Mr. Leigan's job required a move to Georgia, and he first looked at the Reeses' house in October 1997. At that time, Mrs. Leigan was in Missouri with their children. Although Mr. Leigan sent Mrs. Leigan photos of the Reeses' house, she did not see the home before it was purchased. The Reeses arranged for Sears to do the Official Georgia Wood Infestation Report (termite letter) required for the sale of the house, since the Reeses had a contract with Sears and Sears had treated the house for termites in 1996. The termite letter was dated November 22, 1997, and the sale of the Reeses' home to Mr. Leigan was closed in late November 1997. Mrs. Leigan was still in Missouri at the time of the closing. Mr. Leigan alone signed the sales contract, and the title was issued in his name only. The termite letter reflected that no evidence of active or previous infestation was found and indicated the only treatment by Sears of the home was the original May 15, 1996 treatment done for the Reeses. In fact, Sears had treated the home for live termites in February and March 1997. Mrs. Leigan and the children moved into the home on December 16, 1997. Live termites were found in the house on several occasions thereafter, and the house was retreated by Sears in 1998 and 1999. On April 18, 1998, Mr. Leigan and Sears entered into a Subterranean Termite

---

[1] The order partially granting and partially denying summary judgment was filed March 15, 1999, and the order denying the motion to compel arbitration was filed March 10, 1999.

[2] Although the notice of appeal in Case No. A00A2103 states that the denial of partial summary judgment to Sears on Mr. Leigan's fraud claim is the subject of the appeal as well as the denial of the motion to compel arbitration, the denial of partial summary judgment is not the subject of any enumeration of error here and is not further considered.

Control Residential Customer Agreement. On September 23, 1998, Mr. Leigan conveyed a one-half undivided interest in the house to Mrs. Leigan.

The trial court granted Sears' motion for summary judgment on Mrs. Leigan's fraud claim, concluding that the element of justifiable reliance[3] was absent as to her.

Mrs. Leigan's deposition testimony regarding this issue is set out below:

Q. Would you have bought the house if you had known it had termites in it?
A. I didn't buy the house.
Q. He [Mr. Leigan] said you had veto power over the decision to buy the house.
A. All I saw was a picture.
Q. He didn't discuss the condition of the house with you at all?
A. Not at all.
Q. Your veto was limited to aesthetics?
A. Yes.
Q. You were not even in the state of Georgia when the inspection was done for termites in the house; is that right?
A. No.
Q. You never met Mr. [Philip Barbour, the Sears employee who did the inspection and termite letter]?
A. No.
Q. You never talked to anyone at Sears and was [sic] told there was a swarm at your house?
A. Correct.
Q. You were not present at the closing?
A. No.
Q. You executed no papers effectuating the sale of the house to your husband.
A. No.
Q. So you really relied on nothing anyone said about the house because you weren't involved in the actual purchase of it?
A. Right.
Q. Is that accurate?
A. That's accurate.

---

[3] The tort of fraud has five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. *Klusack v. Ward,* 234 Ga. App. 178, 179 (1) (507 SE2d 1) (1998); OCGA § 51-6-2 (a).

In opposition to Sears' motion for summary judgment on her fraud claim, Mrs. Leigan submitted her affidavit, signed January 2, 2000, in which she stated that Mr. Leigan "on his own behalf and on my behalf, signed a contract to purchase the home. . . . After this, he attended the closing on the property and took title in his name only, but with the clear understanding that he was acquiring the property also for me."

Initially, we conclude that the later given affidavit is inconsistent with the earlier given deposition testimony under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986). There being no explanation for the inconsistency, Mrs. Leigan's testimony is construed against her. *Harrison v. Beckham*, 238 Ga. App. 199, 202 (2) (518 SE2d 435) (1999); *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 214 (1) (483 SE2d 671) (1997). Also, even if not inconsistent, her bare legal conclusion of agency (i.e., that he was acting on her behalf) creates no issue of fact on motion for summary judgment. *Dews v. Ratterree*, 246 Ga. App. 324, 326 (540 SE2d 250) (2000).

Finally, Mrs. Leigan's claim that Mr. Leigan was her agent and she was defrauded because her agent was defrauded in connection with the purchase of the Reeses' house also fails because of the equal dignity rule. OCGA § 10-6-2. Because a contract to purchase or convey interests in land must be in writing, any agency regarding that purchase must also be in writing. *Augusta Surgical Center v. Walton & Heard Office Venture*, 235 Ga. App. 283, 285 (1) (508 SE2d 666) (1998); *East Piedmont 120 Assoc. v. Sheppard*, 209 Ga. App. 664, 665 (434 SE2d 101) (1993).

Therefore, summary judgment for Sears was appropriate. There was no error. See *ReMax North Atlanta v. Clark*, 244 Ga. App. 890 (537 SE2d 138) (2000).

*Case No. A00A2103*

2. Sears contends that the trial court erred in denying its motion to compel arbitration of the Leigans' fraud claim under the Georgia and Federal Arbitration Acts and that the trial court's reliance on *Allied-Bruce Terminix Cos. v. Dobson*, 684 S2d 102 (Ala. 1995), was error.

(a) The arbitration clause[4] upon which Sears based its motion is contained in the April 18, 1998 Subterranean Termite Control Resi-

---

[4] The clause states that "The Customer and Sears agree that any and all claims or disputes arising out of, in connection with, or in relation to the interpretation, performance or breach of any provisions of this Agreement shall be resolved . . . by final and binding arbitration."

dential Customer Agreement between Sears and the Leigans. This document was signed five months after the fraud was alleged to have occurred in the November 22, 1997 termite letter. The termite letter contains no arbitration clause. Compare *Results Oriented v. Crawford*, 245 Ga. App. 432, 436 (1) (538 SE2d 73) (2000).

Sears argues that the Reeses' contract containing a similar arbitration clause was assigned to the Leigans, thereby requiring arbitration. This argument, however, is supported by no evidence of record, and the face of the agreement signed by the Leigans does not reflect any such assignment. Sears has failed to support its assertion of error. *Galloway v. Linnell*, 242 Ga. App. 221 (529 SE2d 226) (2000). There was no error in denying Sears' motion to compel arbitration under either the Georgia or Federal Arbitration Act.

(b) The trial court, in denying Sears' motion to compel arbitration, relied upon *Allied-Bruce Terminix Cos.*, supra, which Sears contends was error. In light of our decision in Division 2 (a), supra, however, we need not consider this argument further.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 20, 2001.

*Warlick, Tritt & Stebbins, Charles C. Stebbins III*, for appellants.
*Ogletree, Deakins, Nash, Smoak & Stewart, Kevin Elwell, Jay M. Barber*, for appellee.