A92A1776. RHODES v. AMWEST SURETY INSURANCE COMPANY.
(428 SE2d 581)

McMURRAY, Presiding Judge.

Amwest Surety Insurance Company ("Amwest") filed an action against Lynn A. Rhodes and others (defendants), alleging defendants are indemnitors of surety bonds issued by Amwest to Quality General Contractors, Inc. ("Quality"). The case was tried before a jury and a $1,241,047.19 verdict was entered in favor of Amwest. Rhodes filed this appeal, pro se, after the denial of his motion for new trial. *Held*:

1. Rhodes asserts the general grounds in his first three enumerations, arguing that a computer-generated summary of claims and expenses paid by Amwest under the surety bonds was inadmissible because the summary was not supported by documents accessible to the court and the parties. The summary's admission into evidence is also raised in Rhodes' fourth enumeration.

"[S]ummaries of voluminous business records are admissible as long as the original records are accessible to the court and the parties. . . . *Tyner v. Sheriff*, 164 Ga. App. 360 (2) (297 SE2d 114) (1982)." *Lawhorn v. State*, 200 Ga. App. 451, 455 (4), 456 (408 SE2d

425). In the case sub judice, a computer-generated summary was admitted into evidence showing that Amwest paid $1,241,047.19 in claims and expenses under the surety bonds. Further, undisputed testimony reveals that most of the records supporting the summary were not readily accessible to the court and the parties. See *Lawhorn v. State*, supra. However, there was no error in admitting the summary as the auditor who prepared the document testified regarding its identity and contents. *Miller v. State*, 260 Ga. 191, 193 (3) (391 SE2d 642). Specifically, an auditor charged with investigating and paying claims and expenses under the surety bonds testified that she investigated all claims under the surety bonds; that the costs and expenses listed on the computer-generated summary accurately reflect Amwest's liability under the surety bonds and that the total amount paid by Amwest under the surety bonds through September 30, 1991, is $1,241,047.19. This testimony is sufficient to authorize the jury's verdict. *Don Howard's Music Mart v. Southern Bell Tel. &c. Co.*, 154 Ga. App. 648 (2), 649 (269 SE2d 506).

2. Unenumerated issues improperly raised in argument offered in support of Rhodes' first three enumerations are not considered. *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223 (372 SE2d 493); *Pier 1 Imports v. Chatham County Bd. of Tax Assessors*, 199 Ga. App. 294, 296 (2) (404 SE2d 637).

3. In his fifth enumeration, Rhodes contends there was no evidence to sustain the jury's verdict as to expenses paid for attorney fees by Amwest under the surety bonds. This contention is without merit. The auditor charged with investigating and paying claims and expenses under the surety bonds testified that expenses listed on the computer-generated summary accurately reflect Amwest's liability under the surety bonds. The expenses listed by the auditor on the summary sheet include attorney fees. *Don Howard's Music Mart v. Southern Bell Tel. &c. Co.*, supra.

4. In his sixth enumeration, Rhodes contends the trial court prejudiced his case by stating to the jury "that this case was a simple one." However, there is no reference in the enumeration or brief as to where in the record or transcript evidence supporting this contention can be found. Consequently, the issue is not preserved for appeal. Rule 15 (a) (1) of the Rules of the Court of Appeals; *Dimmick v. Pullen*, 120 Ga. App. 743, 744 (2) (172 SE2d 196).

5. Rhodes' seventh and tenth enumerations are not supported by argument or citation of authority. Consequently, these enumerations are deemed abandoned pursuant to Rule 15 (c) (2) of the Rules of the Court of Appeals. *Roth v. Wu*, 199 Ga. App. 665, 666 (2) (405 SE2d 741).

6. In his eighth enumeration, Rhodes contends Amwest is not entitled to attorney fees because of a failure to comply with the written

notice provision of OCGA § 13-1-11 (a) (3). This contention is without merit.

Amwest's evidence of attorney fees relates to expenses incurred as a result of claims under the surety bonds, not attorney fees relating to enforcement of the indemnity agreement. Consequently, Amwest's claim for attorney fees does not fall within the notice requirements of OCGA § 13-1-11. *United Rentals Systems v. Safeco Ins. Co.*, 156 Ga. App. 63, 67 (5) (273 SE2d 868). It follows that the trial court did not err in allowing the jury's consideration of evidence relating to expenses incurred for legal services in managing claims under the surety bonds.

7. In his ninth enumeration, Rhodes contends the trial court "erred by failing to allow into the events evidence that the Bonds were backed by Federal Bond monies and should come under the Federal '*Miller Act*,' 40 U.S.C.A. §§ 270-270f[.]"

A review of the portion of the trial transcript supporting this enumeration reveals that the trial court refused to allow evidence that the surety bonds are "backed by the SBA." The trial court excluded the evidence, finding it irrelevant to issues relating to defendants' liability under the indemnity agreement.

" 'Evidence is relevant if it relates to the questions being tried by the jury, either directly or indirectly, tends to illustrate or explain the issue, or aids the jury in arriving at the truth.' (Citations and punctuation omitted.) *Ponder v. State*, 194 Ga. App. 446, 449 (7) (390 SE2d 869) (1990)." *Yelverton v. State*, 199 Ga. App. 41, 42 (1) (403 SE2d 816). In the case sub judice, Rhodes fails to point out how evidence that the surety bonds are "backed by the SBA" would have aided the jury in resolving issues relating to defendant's liability under the indemnity agreement. Further, we fail to see how such evidence, either directly or indirectly, relates to the questions being tried by the jury. Consequently, the trial court did not err in excluding the evidence.

8. Rhodes' final enumeration presents nothing for review.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 10, 1993 —
RECONSIDERATION DENIED FEBRUARY 23, 1993 —

Lynn Rhodes, *pro se.*

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Donna C. Sloan,* for appellee.