## A10A1290. CAGLE CONSTRUCTION, LLC et al.
## v. THE TRAVELERS INDEMNITY COMPANY.
### (700 SE2d 658)

MILLER, Chief Judge.

The Travelers Indemnity Company ("Travelers"), as successor in interest to Gulf Insurance Company ("Gulf"), brought the instant lawsuit against Cagle Construction, LLC ("Cagle Construction"), Edgar Lee Cagle, Jr. ("Edgar Cagle"), Edgar Lee Cagle, Jr. d/b/a Cagle Properties, and Nancy Elaine Cagle (collectively "Cagle"), seeking to recover its payments, losses, fees, and expenses incurred in finishing Cagle Construction's work as to certain bonded projects under a general agreement of indemnity. On cross-motions for summary judgment, the trial court granted Travelers' motion and denied that of Cagle. On appeal, Cagle challenges summary judgment for Travelers and against it, arguing that jury questions remain as to (i) the issues of liability and damages, and (ii) the expiration of the statute of limitation. Finding no error, we affirm.

> In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation omitted.) *Anderson v. United States Fidelity &c. Co.,* 267 Ga. App. 624 (600 SE2d 712) (2004).

So viewed, the evidence shows that Cagle Construction was the construction contractor as to four projects for the Georgia Department of Defense ("GDoD"). Edgar Cagle at all times relevant to this appeal served as Cagle Construction's chief manager. Gulf issued construction surety bonds on behalf of Cagle Construction for each of the said projects, guaranteeing that Cagle Construction would complete each project and pay suppliers and subcontractors in the event of its default. Prior to the bonds being issued and Cagle Construction beginning work, Cagle executed a General Agreement of Indemnity ("GAI") in favor of Gulf and in partial consideration for Gulf's issuance of its surety bonds. Paragraph 2 of the GAI provided that

> [Cagle] will indemnify and save [Gulf] harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Company may pay or incur in consequence of having executed, or procured the execution of, such bonds, . . . including fees of attorneys, . . . and

the expense . . . in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement. In the event of payment by [Gulf], [Cagle] agree[s] to accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof, and of [Cagle's] liability therefor to [Gulf].

Paragraph 18 further provided that

[i]n the event of any breach, delay or default asserted by [GDoD] in any said Bonds, or [Cagle Construction] is suspended or ceased work on any contract or contracts covered by any said Bonds, . . . [Gulf] shall have the right, at its option and in its sole discretion, and is hereby authorized . . . to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of [Cagle] to complete or arrange for the completion of the same, and [Cagle Construction] and [Cagle] shall promptly upon demand pay to [Gulf] all losses, and expenses so incurred.

Prior to full completion of all four projects, GDoD dismissed Cagle Construction and made demand on Gulf to complete each of the four bonded projects. Subsequent to GDoD's claims on the bonds, several of Cagle Construction's suppliers and subcontractors also made demand for payment on Gulf under the terms of the bonds.

In August 2006, Travelers, as successor in interest to Gulf, filed this action seeking reimbursement under the terms of the GAI. In April 2008, Cagle filed a motion for summary judgment, claiming the "Little Miller Act" one-year statute of limitation (OCGA § 13-10-65) was applicable and had run. Travelers filed its motion for summary judgment in November 2008. In support of its motion, Travelers filed the affidavit of Barbara Check, an employee of Gulf's Recovery Management Unit and the person responsible for information and records concerning the bonds at issue. Check's affidavit stated that Gulf paid $626,659.63 in claim payments and completion costs under the bonds, incurred attorney fees and costs of $151,254.29, and paid $3,002.65 in consultant fees and costs. Check also stated that Cagle failed or refused to reimburse Gulf for its expenses. Attached to Check's affidavit was a summary of expenses, costs, and credits associated with each of the four projects.

In response, Edgar Cagle filed a supplemental affidavit, in which he admitted being "ordered off the premises," but opined that Cagle Construction was not in default on any of the four contracts and that the amounts charged by Gulf were unreasonable, and generally

disputed the expenses claimed by Gulf; however, he provided no additional facts.

On July 13, 2009, the trial court entered its order denying Cagle's motion for summary judgment and granting that of Travelers, as to both liability and damages, in the total amount of $780,916.57. Such order was entered as a final judgment by the trial court on August 24, 2009. This appeal followed.

1. Cagle challenges summary judgment for Gulf contending that jury questions remain as to liability and damages. Finding that the language of the GAI is clear and unambiguous, we disagree.

> [T]his Court consistently has upheld the validity and enforceability of indemnification agreements executed in connection with the issuance of surety bonds. When interpreting such agreements, we apply the ordinary rules of contract construction. No construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation.

(Citations and punctuation omitted.) *Anderson*, supra, 267 Ga. App. at 627 (1). Inasmuch as this action is instituted under Cagle's alleged breach of the GAI, we turn to the language thereof for guidance.

(a) *Liability*. Cagle's claim to the contrary notwithstanding, the issue is not whether the question of default was in dispute. Rather the issue is whether GDoD declared Cagle to be in default. Paragraph 18 of the GAI plainly provides that a "default *asserted by* [*GDoD*] in any said [b]onds" (emphasis supplied), authorized it to take possession of the work, triggering liability in Cagle for its attendant losses and expenses to Gulf as surety.

Travelers supported its motion for summary judgment with evidence showing that GDoD "defaulted [Cagle Construction] and made demand on Gulf to complete each of the four bonded projects. . . ." Cagle having come forward with no evidence to the contrary in opposition to summary judgment and finding that Travelers was entitled to judgment as a matter of law based on the clear language of the GAI, the trial court properly entered summary judgment in favor of Travelers and against Cagle as to liability. See OCGA § 9-11-56 (c).

(b) *Damages*. Cagle also claims that jury questions remain as to damages, challenging Travelers' evidence of costs and expenses. Again, we disagree.

In this regard, paragraph 2 of the GAI provides that "[i]n the event of payment by [Gulf], [Cagle] agree[s] to accept the voucher *or other evidence of such payment as prima facie evidence of the propriety*

*thereof*, and of [Cagle's] liability therefor to [Gulf]." (Emphasis supplied.) This language is clear and unambiguous. Travelers' summary of Gulf's expenses attached to Barbara Check's affidavit in support of its motion for summary judgment is sufficient "other [such] evidence" to establish both the propriety of such expenses and costs as well as Cagle's liability therefor, absent Cagle's showing of bad faith on the part of Gulf, or through direct evidence that Gulf did not in fact incur the expenses. See *Anderson*, supra, 267 Ga. App. at 627 (1).

By Edgar Cagle's affidavit in support of Cagle's motion for summary judgment, Mr. Cagle opines that "there was nowhere near this value of work still to be completed and that these are not reasonable charges. . . ." "Guesses or speculation which raise merely a conjecture or possibility[, however,] are not sufficient to create even an inference of fact for consideration on summary judgment." (Citation and punctuation omitted.) *John Hewell Trucking Co. v. Brock*, 239 Ga. App. 862, 864 (522 SE2d 270) (1999). Furthermore, Cagle's statement amounts to "no more than an unsupported conclusion" which is inadmissible on summary judgment. (Citation omitted.) *Jones v. O'Day*, 303 Ga. App. 159, 163 (692 SE2d 774) (2010).

Travelers having established a prima facie case showing its costs incurred as a result of Cagle Construction's default under the construction contract, Travelers was also entitled to summary judgment on the issue of damages. See *Hartford Cas. Ins. Co. v. Smith*, 268 Ga. App. 224, 228 (1) (b) (603 SE2d 298) (2004).

2. Alternatively, Cagle asserts that summary judgment for Travelers and against it was error because the one-year statute of limitation applicable to claims on a public works payment bond under Georgia's "Little Miller Act," OCGA § 13-10-65, is applicable in this case.

Given that Travelers' action on the GAI was entered into separately by Gulf and Cagle, not on the construction surety bonds issued by Gulf, the said one-year statute of limitation is here inapplicable. See *Rhodes v. Amwest Surety Ins. Co.*, 207 Ga. App. 441, 443 (7) (428 SE2d 581) (1993) (evidence as to surety bonds immaterial as to question of liability under an indemnity agreement). Further, inasmuch as it is a written agreement, the GAI would generally be subject to the six-year statute of limitation applicable to contract claims under Georgia law. See OCGA § 9-3-24. The GAI in this case, however, includes a recitation in the body thereof and above the signature lines, that "the [i]ndemnitors have hereunto set their hands and affixed their seals," and the letters "L.S." appear opposite the handwritten signatures of the parties. Here, therefore, the GAI constitutes a contract under seal as to which the six-year statute of limitation is extended to twenty years. OCGA § 9-3-23;

*Travel Centre, Ltd. v. Starr-Mathews Agency*, 179 Ga. App. 406, 407 (346 SE2d 840) (1986). Given that Travelers' suit was filed in 2006 and the GAI was entered into in July 2002, the expiration of the 20-year statute of limitation barring the instant action is not implicated.

Consequently, summary judgment for Travelers and against Cagle was not error.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 25, 2010 — 

*Robert G. Norred, Jr.*, for appellants.

*McWilliams & Gold, Barry L. Gold, Smith, Currie & Hancock, John E. Menechino, Jr., Clifford F. Altekruse*, for appellee.