[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15950

_____

D.C. Docket No. 1:09-cv-03582-SCJ

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

Plaintiff- Counter Defendant - Appellee,

versus

WINMARK HOMES, INC., *et al.*,

Defendants-Counter Claimants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 20, 2013)

Before BARKETT, JORDAN, and RIPPLE,[*] Circuit Judges.

PER CURIAM:

_____

[*] Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

Travelers initiated this action against several entities and individuals to recover under a general indemnity contract in connection with the execution of surety bonds.  Having reviewed the record, and with the benefit of oral argument, we affirm the district court's grant of summary judgment in favor of Travelers.

## I

In 2005, a number of developers[1] started building eight residential subdivisions in Gwinnett and Forsyth Counties in Georgia.  Pursuant to various development performance and maintenance agreements, the developers agreed that, as a condition precedent to county approval of the subdivision plats, they would construct and maintain certain improvements (i.e., roads, sidewalks, landscaping, and drainage facilities).  In July of 2007, Travelers and the Winmark defendants executed a general contract of indemnity (the "indemnity agreement"); Travelers agreed to issue surety bonds on behalf of the developers and other individuals,[2] all of whom agreed to indemnify Travelers for any loss that it might incur as a result of issuing the bonds. We refer to the developers and the individuals collectively as the Winmark defendants.  Travelers subsequently issued 22 subdivision maintenance/performance surety bonds.  Following a collapse in the real estate market, all of the subdivisions were ultimately abandoned.

---

[1] The developers are Winmark Homes, Inc., D.G. Jenkins Development Corporation, D.G. Jenkins Management Corporation, Ascenture Homes, LLC, JSA, Inc., and Oakland Trace, LLC.

[2] The individuals are David G. Jenkins, Chris D. Jenkins, and Clifford L. Sandoz.

Gwinnett County gave notice to the developers and to Travelers that the bonded obligations on some of the bonds had not been completed and that additional work was needed. When the developers refused to perform the additional maintenance, Travelers demanded that the Winmark defendants provide either the full and complete discharge of Travelers from all outstanding bonds or an irrevocable letter of credit in the amount of $924,348.47 (the alleged amount of undischarged liability under the bonds). The Winmark defendants did neither. A few weeks later, Travelers issued another demand under the indemnity agreement, requiring once again discharge from all outstanding bonds or an irrevocable letter of credit in the amount of $659,348.47. Travelers subsequently revised its position and demanded a letter of credit in the amount of $223,846.00, which reflected the low-end estimate of Robert Colby, a professional engineer and construction consultant, of the cost of completing the bonded work remaining at the subdivisions.[3] The Winmark defendants failed to meet Travelers' demands, prompting it to file this action. The Winmark defendants filed counterclaims alleging breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.

Travelers moved for summary judgment on its claim for specific performance and indemnification, and on the counterclaims. The district court

---

[3] This reduced amount, $223,846.00, does not include the cost of placing sidewalks on vacant lots and excavating the retention ponds.

3

granted Travelers' motions.   The Winmark defendants appeal from the district court's grant of summary judgment.   They contend that the district court erred in (1) requiring them to provide an irrevocable letter of credit in the amount of $223,846.00; (2) awarding Travelers attorneys' fees and expenses in the amount of $107,048.21; and (3) rejecting their counterclaims.

## II

We review a grant of summary judgment *de novo* and apply the same legal standards as the district court.  *See Citizens for Smart Growth v. Sec'y of the Dep't of Transp.*, 669 F.3d 1203, 1210 (11th Cir. 2012).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We view the evidence and all factual inferences in the light most favorable to the party opposing the motion.  *See Prickett v. DeKalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003) (citations and quotations omitted).  Plenary review applies to the construction of written contracts.  *See Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co.*, 320 F.3d 1260, 1267 (11th Cir. 2003).

## A

A federal court in a diversity case is required to apply the choice of law rules of the state in which that court sits.  *See Klaxon Co. v. Stentor Electric Mfg. Co.*,

4

313 U.S. 487, 496 (1941); *O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992).  Here it is undisputed that Georgia contract law applies.

When interpreting indemnity agreements under Georgia law, we apply the ordinary rules of contract construction.  *See Anderson v. U.S. Fid. & Guar. Co.*, 600 S.E.2d 712, 715 (Ga. Ct. App. 2004).  No construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation.  *See id.  See also Reliance Ins. Co. v. Romine*, 707 F. Supp. 550, 552 (S.D. Ga. 1989) ("Under Georgia law, where the language of a contract is definite and unambiguous, a court must give it effect."), *aff'd*, 888 F.2d 1344 (11th Cir. 1989) (per curiam).

The indemnity agreement requires the Winmark defendants to provide Travelers with an irrevocable letter of credit if they fail to obtain Travelers' discharge from bond liability.  The indemnity agreement states, in ¶ 5, as follows:

> (a) Indemnitors shall, within thirty (30) days of receipt of Company's [Travelers] written demand ("Discharge Demand"), procure the full and complete discharge of the Company from any and all Bond(s) . . . If Indemnitors fail to provide the aforementioned discharge *Indemnitors shall*, within an additional seven (7) days, *provide Company with an irrevocable letter of credit* in form, content and by a bank acceptable to Company. The letter of credit shall be in an amount equal to the total of all undischarged liability under said Bond(s), which liability shall be determined at the time of the Company's Discharge Demand.

[D.E. 58-5 at 2, ¶ 5] (emphasis added).

5

We agree with the district court that the Winmark defendants' promise to provide an irrevocable letter of credit is enforceable by its terms through an order of specific performance. *See Anderson*, 600 S.E.2d at 715 (recognizing that the Georgia court of appeals "consistently has upheld the validity and enforceability of indemnification agreements executed in connection with the issuance of surety bonds"); *Hanover Ins. Co. v. Holley Constr. Co. & Assocs., Inc.*, 2012 WL 398135, at *7 (M.D. Ga. Feb. 7, 2012) (enforcing an indemnity agreement's collateral security provision through an order of specific performance); *Romine*, 707 F. Supp. at 553 (holding that, pursuant to terms of the indemnification agreement, plaintiff was entitled to be indemnified by defendant). The indemnity agreement expressly states that the letter of credit "shall be in an amount equal to the total of all undischarged liability under said Bond(s)," which means exactly what it says—the amount under the bonds that has not been discharged or paid. The district court certainly did not err in determining that the total undischarged liability on the bonds was $223,846.00, consistent with Mr. Colby's low-end estimate, and in awarding the irrevocable letter of credit in that amount.

Additionally, having reviewed the record, we are not persuaded by the Winmark defendants' argument that Travelers acted in bad faith in demanding the letter of credit in accordance with the indemnity agreement. Similarly, we find no merit to the Winmark defendants' counterclaims that Travelers breached any

fiduciary duties to them or breached its contract.  Having found that Travelers' demand was expressly authorized by the indemnity agreement, the Winmark defendants' counterclaims fail as a matter of law.

**B**

The indemnity agreement, again in ¶ 5, specifically states that the Winmark defendants waive their right to contest the requirement to provide an irrevocable letter of credit:

> (b) *Indemnitors waive*, to the fullest extent permitted by law, *each and every right that they may have to contest this requirement.* Indemnitors stipulate and agree that Company will not have an adequate remedy at law should Indemnitors fail to post said letter of credit and further agree as a result that Company is entitled to specific performance of this provision.

(emphasis added).  The district court found that, pursuant to the plain language of the indemnity agreement, the Winmark defendants had agreed to waive any right to challenge the requirement for a letter of credit and that the waiver provision was not unconscionable.  Because the Winmark defendants do not appeal this ruling,[4] the district court's order on this point stands.  "This circuit has consistently held that issues not raised on appeal are abandoned."  *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).  *See also Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 6 (11th Cir. 1989).

---

[4] Although not briefed in their response to the motions for summary judgment, at one of the hearings below, the Winmark defendants argued that the waiver provision was unconscionable. *See* Transcript of Motions Hearing at 37 [D.E. 85].  But on appeal they make no such argument, or any other argument, challenging the waiver provision.

## C

With respect to attorneys' fees, the indemnity agreement specifically provides as follows:

> In consideration of the furnishing of any such bond . . . Indemnitors . . . promise . . . To indemnify and exonerate Company [Travelers] from and against any and all loss . . . including . . . court costs and *counsel fees*, as well as any expense incurred or sustained by reason of making any investigation . . . with the furnishing of Bond(s) . . . and the enforcement of this Agreement . . . To this end Indemnitors promise . . . [t]o promptly reimburse Company . . . *it is agreed that* (1) originals or photocopies of claim drafts, or of *payment records*, kept in the ordinary course of business, *including computer printouts, verified by affidavit, shall be prima facie evidence of the fact and amount of loss*, (2) Company shall be entitled to reimbursement for any and all disbursements made by it.

(emphasis added). Travelers submitted payment records of its attorneys' fees in the form of a computer printout verified by affidavit, thereby meeting its *prima facie* burden. *See* Wilson Affidavit ¶¶ 41-42 [D.E. 58-3]; Exhibit M to Wilson Affidavit [D.E. 58-16]. By signing the indemnity agreement, the Winmark defendants expressly agreed that computer printouts, verified by affidavit, would be *prima facie* evidence of the fact and amount of loss. Nevertheless, the Winmark defendants did not submit any evidence disputing the fees requested. Based on the record before us, we agree with the district court that Travelers is entitled to an award of attorneys' fees and expenses under the indemnity agreement because it presented *prima facie* evidence of its loss and because the Winmark defendants did not provide any rebuttal evidence. *See Cagle Constr., LLC v. Travelers Indemnity*

8

*Co.*, 700 S.E.2d 658, 661 (Ga. Ct. App. 2011) (affirming trial court's grant of summary judgment to surety for attorneys' fees); *Anderson*, 600 S.E.2d at 716 (affirming trial court's award of attorneys' fees, on summary judgment, to surety based on affidavits that qualified as *prima facie* evidence pursuant to indemnity agreement); *Romine*, 707 F. Supp. at 553 (finding that plaintiff was entitled to reasonable attorney's fees incurred in the enforcement of an indemnification agreement).

## III

The Winmark defendants' promise to provide a letter of credit upon demand to Travelers in the Indemnity Agreement is enforceable according to its terms. Travelers is entitled to specific performance in the form of an irrevocable letter of credit and to its attorneys' fees. The Winmark defendants' counterclaims fail as a matter of law.

**AFFIRMED.**