**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 4, 2021**

# In the Court of Appeals of Georgia

A20A1774. ALTERMAN PROPERTIES LLC v. SUNSHINE PLAZA ASSOCIATES LTD.

DO-061

DOYLE, Presiding Judge.

Shopping center owner Sunshine Plaza Associates, LTD, brought a breach of contract action against Alterman Properties, LLC ("APL"), an owner of a grocery store in the shopping center, seeking payment for certain common maintenance expenses listed in an easement over the shopping center property. Following the grant of partial summary judgment to Sunshine Plaza, APL appeals, contending that the trial court erred by determining as a matter of law that (1) the easement required APL to pay 25 percent of the maintenance expenses, which include landscaping and certain other disputed expenses, (2) Sunshine Plaza adequately proved its damages, and (3)

an affidavit by APL manager Richard Alterman did not create material issues of fact. For the reasons that follow, we affirm in part and reverse in part.

Viewed under the summary judgment standard,[1] the record shows that Sunshine Plaza owns a shopping center on Moreland Avenue in Atlanta, and APL owns certain grocery store property in the shopping center; Sunshine Plaza retained ownership of the common areas including the parking lot and entrances. The interests at issue in this case were created in 1961 when the parties' predecessors executed an easement granting certain rights of ingress and egress over the common areas of the shopping center property to access the store properties. The easement agreement also provides, in part, that the cost of certain common area expenses would be shared by the owners of the retail properties:

> Parties of the First Part and their successors in title[, i.e., Sunshine Plaza] will for a period of ten (10) years maintain lighting, paving, policing, cleaning[,] and necessary marking of parking areas. Thereafter, the then owners of the properties shown on [the attached plat] from time

---

[1] See *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003) ("On appeal from the grant of summary judgment[, the appeals court] conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."), quoting *Youngblood v. Gwinnett Rockdale &c.*, 273 Ga. 715, 717 (4) (545 SE2d 875) (2001).

to time shall share in the expense of maintaining lighting, paving, policing, cleaning[,] and necessary marking of parking areas in proportion to the square footage owned by each of the owners of property as shown by said plat.

The attached plat showed the dimensions (in feet) of each retail owner's area. These expenses historically were paid without incident by the retail owners or their tenants from 1971 on, and the share allocated to APL's property was 25 percent based on the plat.

In 2013, APL leased its store property to a grocery store business owned by Nam Sik Hong. The lease referenced the easement and provided that Hong, as the tenant, would pay APL the store's share of the common area expenses. It is undisputed that Sunshine Plaza typically issued bills for the common area expenses directly to each retail tenant (i.e., to Hong, as opposed to APL).

In 2018, Sunshine Plaza filed this breach of contract claim against APL, alleging that beginning in 2014 it had not received payment for APL's share of the common area expenses and seeking payment equivalent to a 25 percent share of the expenses, with a total arrearage of approximately $41,000 as of April 2018. The complaint also sought attorney fees pursuant to OCGA § 13-6-11. APL filed an

answer and a third-party complaint against Hong. Following discovery, Sunshine Plaza moved for summary judgment, and following a hearing, the trial court granted partial summary judgment to Sunshine Plaza, awarding it $59,884.06 in damages on the breach of contract claim and finding that issues of fact remain as to the attorney fee claim. APL now appeals.

1. APL contends that the trial court erred by ruling that (a) the type of expenses sought were part of the common expenses in the easement, and (b) the easement required payment of a 25 percent share of those expenses. This presents a question of contract construction, which we review de novo,[2] and based on the language of the easement, we agree in part.

"The cardinal rule of [contract] construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law[,] and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction."[3] In determining the intent of the parties, the court must first look to the language of the contract itself:

---

[2] See *Mon Ami Intl., Inc. v. Gale*, 264 Ga. App. 739, 740 (1) (592 SE2d 83) (2003).

[3] OCGA § 13-2-3.

First, if . . . the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Second[], if an ambiguity does appear, the existence or nonexistence of an ambiguity is a question of law for the court. Finally, a jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction.[4]

(a) *Type of expenses*. The language of the easement requires APL to pay its share of the expenses for "maintain[ing] lighting, paving, policing, cleaning[,] and necessary marking of parking areas." The record shows that Sunshine Plaza itemized the expenses it sought from APL, listing costs of "security," "landscaping," and electricity for parking lot lights and a "pylon sign." APL argues that "nowhere in the easement does it make any reference to landscaping, security, [or] any pylon signs being expenses covered under the terms and conditions of the easement."

In the context of this case, "[s]ecurity" is synonymous with "policing," so the security expense plainly falls within the easement expenses.[5] Likewise, electricity for

---

[4] (Punctuation omitted.) *Mon Ami*, 264 Ga. App. at 741 (1).

[5] APL does not challenge the fact that "policing" is listed in the easement, nor does it make an argument that the term is ambiguous such that it would not include "security." See *Doxey v. Crissey*, 355 Ga. App. 891, 893 (846 SE2d 166) (2020) ("Dictionaries may be used to supply the plain and ordinary sense of a word.");

illuminating the pylon sign is a "lighting" expense. But with respect to landscaping, the record is silent as to what type of activity this addresses. There are separate expenses sought for "sweeping" and an "extra clean up fee" that plainly would fall within the easement's "cleaning" category, and these are listed apart from the regular landscaping expenses. Thus, "landscaping" is not explicitly listed in the easement, and it is possible that landscaping expenses, at least in part, might include work that does not obviously fall within the easement's "cleaning" or "paving" categories, such as, for example, ornamental planting or hardscape installation. On summary judgment, we are to construe the record in favor of the nonmoving party, and in light of the lack of clarity as to the landscaping expenses sought, we cannot say, as a matter of law, that they fall within APL's obligation under the easement.[6] Accordingly, the

---

Merriam-Webster Online Dictionary (2020) (defining "police" as "to control, regulate, or keep in order by use of police" and including "a private organization resembling a police force").

[6] Sunshine Plaza points to an affidavit from Philip Sunshine, asserting that they have collected the disputed expenses without incident for decades prior to this case. But even taking this as true, such "[p]arol evidence is inadmissible to add to, take from, or vary [the] written" easement. OCGA § 13-2-2 (1). Thus, this evidence cannot be used to support a collection of expenses that is not consistent with the easement's unambiguous language.

trial court erred by granting summary judgment in favor of Sunshine Plaza as to the landscaping expenses.

(b) *APL's share of expenses*. APL argues that the trial court erred by ruling as a matter of law that it owed 25 percent of the easement expenses. As support, it relies on a document[7] attached to an affidavit by Richard Alterman that purports to show that APL owns 15.38 percent of the acreage at the shopping center, so it should only pay that share, as opposed to the 25 percent sought by Sunshine Plaza.

Pretermitting whether, as the trial court ruled, this document is inadmissible hearsay, APL's argument is belied by the language of the easement, which states that APL must pay "in proportion to the square footage owned by each of the owners of property as shown by [an attached] plat." The plat shows the square footage of building space owned by the store owners;[8] by contrast, the document relied upon by APL denotes acreage of real property. Accordingly, it offers a measurement scheme different from that contained in the easement, and in light of the easement's explicit

---

[7] The document appears to be a printout from a website associated with Fulton County property tax records.

[8] The plat document is difficult to read, but it is legible to the extent of showing the building dimensional measurements in square feet. The parties do not dispute the square footage numbers.

7

reference to the plat, APL's exhibit is insufficient to create a question of fact as to the calculation of APL's share of expenses.

2. APL next argues that Sunshine Plaza failed to prove its damages. To the extent the damages were recoverable, we disagree.

In support of its motion for summary judgment, Sunshine Plaza relied on an affidavit from Philip Sunshine and an attached exhibit summarizing the expenses it sought to recover from APL.[9] The summary breaks down the categories for common expenses paid by Sunshine Plaza for the four years leading up to the complaint and calculates APL's twenty-five percent share. It is clear as to each year and expense category (e.g., electricity for lighting, security, sweeping, etc.), and it accounts for payments made by other shopping center property owners.

APL argues that without the actual invoices showing what was charged by vendors to Sunshine Plaza, there is insufficient proof of its damages. But the exhibit is authenticated by Philip Sunshine's affidavit, which verified the expense summary based on Philip's personal knowledge since the time the easement was signed in 1961. Therefore, the "summary of [APL's] expenses attached to [Philip's] affidavit

_____

[9] Sunshine Plaza updated the summary with additional expenses occurring during the litigation. That exhibit revises the amounts paid for the same services.

8

in support of [Sunshine Plaza's] motion for summary judgment is sufficient" to establish the amounts sought from APL.[10]

3. Last, APL argues that an affidavit and exhibit from Alterman creates fact questions as to the percentage calculations based on property ownership and that the trial court erred by discounting them as hearsay. But pretermitting the hearsay question, as noted in Division 1, the exhibit proffered by Alterman goes to the acreage owned by the parties, not the building square footage in the plat attached to and referenced by the easement. As such, it is not consistent with the language of the easement and would amount to inadmissible parol evidence offered to vary the terms of the written easement.[11] Alterman does not purport to have personal knowledge of the formation of the easement or the dealings between the parties because he asserts that Sunshine Plaza collected the payments from the sub-tenants directly; APL was never involved in the collection process during Alterman's tenure with APL. "[I]n general, the parties' intent is to be determined from the [easement's] text alone, and extrinsic evidence will be used to interpret the [easement] only when its text is so

---

[10] *Cagle Constr., LLC v. Travelers Indem. Co.*, 305 Ga. App. 666, 669 (1) (700 SE2d 658) (2010).

[11] See OCGA § 13-2-2 (1) ("Parol evidence is inadmissible to add to, take from, or vary a written contract.").

ambiguous that its meaning cannot be determined through application of the ordinary rules of textual construction."[12] There is no such ambiguity here, so the inquiry as to the meaning of the easement ends with its language, and we need not look outside the easement to resolve the issues presented in this appeal.

In summary, the proof offered by Sunshine Plaza in support of its motion for summary judgment was sufficient to establish APL's liability as a matter of law generally, but questions of fact remain as to APL's liability for landscaping expenses.

*Judgment affirmed in part and reversed in part. McFadden, C. J., and Hodges, J., concur.*

---

[12] *Atlanta Dev. Auth. v. Clark Atlanta Univ., Inc.*, 298 Ga. 575, 580 (III) (784 SE2d 353) (2016).